# GENERAL TERM,

[Continued from page 440.]

State of Vermont *v.* Charles H. Potter and Adelia S. Potter.

*Criminal Law. Burglary. Husband and Wife. Accomplice.
Evidence.*

Under an indictment charging a husband and wife jointly with having certain burglarious implements and tools in their possession with felonious intent to use them, it was *held* that possession by the wife while the husband was with her was *prima facie* innocent, as under the coercion of the husband, but for possession by her in the absence of the husband, though by his direction, she would be responsible.

The charge of the court to the effect that the wife's possession of the tools on the occasion of the burglary, if pursuant to a scheme concerted between her and her husband while the tools were in his actual possession, was, in law, the joint possession of herself and her absent husband, *held* correct.

The court declined to advise or caution the jury that the wife should be acquitted unless there was evidence other than that of the accomplice tending to prove her connection with the crime, but on the contrary substantially told the jury that they might convict both prisoners on the evidence of the accomplice, if it was corroborated in important particulars as to one and commended itself to their credit as true beyond a reasonable doubt as to both; *held* not erroneous.

The jury are the final judges of the weight of testimony, whether from accomplices or others, and it is not error of law for the court to neglect or refuse to express an opinion to the jury as to what facts they should find or not find upon the proof. It is the better practice to advise the jury to convict no prisoner unless there is some proof other than the testimony of an accomplice tending to show that prisoner to have had guilty connection with the commission of the crime. But it is only a rule of practice and not a rule of law.

This was an indictment against the respondents jointly, for having in their possession certain implements and tools, to wit: one chisel and six skeleton keys, in violation of the provisions of section 8 of chapter 113 of the General Statutes. Plea, not guilty. Trial by jury, September term, 1868, Chittenden county, Pierpoint, C. J., presiding.

The respondents, at the time of the commission of the alleged offense, and at the time of the trial, were husband and wife. The main witness for the prosecution was one Stephen Foster, who, as appeared from his testimony, was an accomplice with the respondents in the commission of a burglary attempted to be committed

by means of said implements and tools, and in having said tools in possession as hereinafter stated, and who testified in the case under a promise from the state's attorney that if he did so, (he, the said Foster,) should not be prosecuted. This accomplice, Foster, testified concerning the chisel and keys substantially as follows : that at the time of the commission of the said burglary, he was living, and had been for some six weeks previous, at the house occupied by the respondent Charles, in Williston, as his hired man ; that during this period the matter of breaking into a certain store in Williston had been talked over between him and the said Charles at different times, and in the presence of Mrs. Potter ; that they, the said Charles and Foster, had talked about getting certain keys made for the purpose of unlocking the door of said store ; and that the said Charles had procured the parts of several skeleton keys at certain blacksmith's in Williston, and brought them home, and that he (Foster) and the said Charles, had put them together and fitted them for use in a horse-barn on the respondent's premises, and that no one was present but himself and the said Charles while the keys were being so prepared and fitted for use, but the procuring of the keys to be made was talked over in the presence of Mrs. Potter ; that the five keys, produced by one N. B. Flanagan and showed to him at the trial, were the same ones that had been procured and fitted for use by himself and the said Charles ; that at about eight o'clock on the morning previous to the night of the commission of the burglary itself, the said Charles went away from Williston to Canada, and was not present at the commission of the burglary, and had nothing more to do with the possession of said keys, or the using of them, after he so left for Canada. This fact was conceded by the prosecution that the respondent Charles was not present at the commission of the burglary, and it was not claimed that he had the personal custody or keeping of the keys after the morning that he left for Canada. Foster further testified, that on the night following the morning that Charles went to Canada, the respondent Adelia and himself went together and committed the burglary upon the said store in Williston ; that the said Adelia, before they started, brought out the keys and handed them to Foster ; that

they took with them the said keys and a chisel, and that he (Foster) attempted to use the keys upon the lock of the door of the said store, but failed to unlock it, and that an entrance was finally effected at a window of the said store by means of the said chisel, where the burglary was committed ; and that after the burglary was committed, he (Foster) gave the keys to the respondent Adelia, and that he had not seen them since that time until he saw them at the examination before the committing magistrate, when they were produced by the said Flanagan. The respondents seasonably objected to the admission of any testimony in reference to the commission of the burglary itself as being immaterial and irrelevant, but the court overruled the objection, and allowed Foster and other witnesses to testify in respect to all the particulars concerning the commission of the burglary itself, for the purpose of showing the intent with which the keys were procured and kept, and for no other purpose : this was explained to the jury at the time, and also in the charge. To the admission of the evidence the respondents excepted.

N. B. Flanagan, a witness for the prosecution, produced five skeleton keys, and testified that he found them some four weeks after the commission of the burglary, on the premises occupied by the respondents in Williston, on the back side of an out-building, on the ground, concealed under a log near a pile of rubbish. One Milo J. Wood and one John C. Bliss testified that they were blacksmiths, and made the different parts of the said keys by request of the said Charles. The chisel was a common carpenter's chisel of the usual and ordinary size. The prosecution also showed that on the second day after the burglary the stolen goods and the chisel were found concealed under a part of the dwelling-house of the respondents where there was no regular cellar ; that access to the place was through the floor, where a part of the floor-boards had been sawed off and covered ; when the goods were found the boards were in place, and the carpet of the room extended over them and was nailed down in the ordinary way. There was also evidence tending to show that this place had been used before for other purposes.

There was no evidence in the case tending to show any possession or use of said chisel and keys by the respondents except as above set forth. When the prosecution had rested their case, the respondents moved the court to direct a verdict of acquittal, upon the ground that the evidence did not sustain the indictment; that the evidence, if believed, showed the commission of a separate and distinct offense by each respondent, and not a joint offense committed by both; that the evidence showed first, a possession of the keys, with an unlawful intent, by the respondent Charles, and then, some time afterwards, a possession of the chisel and keys, with an unlawful intent, by the respondent Adelia, and that therefore the respondents could not be convicted upon a joint indictment; but the court refused so to direct a verdict, to which the respondents excepted. The respondent Adelia then asked the court to direct a verdict of acquittal as to her, upon the ground that it appearing, from the evidence, that she was the wife of the respondent Charles, and indicted jointly with him, she was not criminally responsible for any such offense as the one charged in this indictment, if committed by her jointly with her husband; but the court refused to make such direction, to which the respondents excepted.

The respondents then put in evidence three other indictments, one against the respondent Charles, (with said Foster,) as an accessory before the fact, for the alleged burglary committed upon the store referred to in said Foster's testimony; one against the respondent Adelia, for the commission of the said burglary, and one against the respondent Adelia for receiving the property alleged to have been stolen at the time said burglary was committed.

When the evidence was all in, the respondents requested the court to charge that if the jury found that the keys in question were procured by the respondent Charles alone, without the knowledge or aid of the other respondent, and were in his sole possession, with unlawful intent, and that at some time afterwards they were in the possession of the respondent Adelia, with an unlawful intent, and that at no one time did the respondents have a joint possession of them, or have a possession of them when both respondents were together, they should render a verdict of not guilty as to both respondents. But the court refused so to charge, but did charge as to the law respecting the acquittal of one and the conviction of the other respondent, in a manner not excepted to, and also charged the jury that if they found that the keys were procured by the respondent Charles for the purpose of committing a burglary, and with the knowledge of said Adelia, and

that he, with the respondent Adelia, planned the burglary itself, in the commission of which the keys were to be used, and that he passed the keys to her for that purpose, and she kept them, and attempted to use the same in carrying out such purpose, even though they should find that the burglary was committed by her in his absence, both respondents were equally and jointly guilty of the crime charged. The respondents also requested the court to charge that if the jury found that the respondent Charles had possession of the keys with an unlawful intent, and the respondent Adelia, jointly with him, participated in that possession, or that her participation in that possession was by the direction of the respondent Charles, or in his presence, they should render a verdict of not guilty as to her, unless they found that she was the instigator and the more active party in the commission of the offense, and was not under the coercion of her husband. But the court refused so to charge, but did charge that the undisputed facts in this case showed that the respondent Adelia's connection with the transaction was during the absence of her husband, when she was free from his immediate influence and control, and if the jury found that she had the keys in her possession, and was carrying out their common intent, as before stated, she was then legally responsible, and they might render a verdict of guilty as to her. In respect to the testimony of the accomplice Foster, the respondents requested the court to charge that a verdict of guilty ought not to be rendered upon his testimony alone, unless it was corroborated as to some material fact or facts, the truth of which went to prove the particular offense charged, and to bring the commission of it home to the respondents, and that a general corroboration of Foster's testimony, in respect to the commission of the burglary itself, was not sufficient to entitle his testimony to credit, in respect to the respondents, as to the particular offense charged, and the court did so charge; and that although the respondents were indicted jointly, yet the testimony of the accomplice Foster ought to be corroborated as to some material facts which tended to bring the commission of the offense charged home to each of the respondents, and that a corroboration of Foster's testimony, in respect to the respondent Charles alone, was not sufficient to warrant the finding of the respondent Adelia guilty; and that in respect to the respondent Adelia, there being no evidence that she ever had possession of the keys, or any knowledge of their existence, except from the testimony of the accomplice alone, a verdict of guilty as to her ought not to be rendered. But the court refused so to charge ; but did charge that, as a general rule, it would be wise to disregard the testimony of an accom-

plice, and the jury ought not to convict unless it was corroborated, or his relation of the transaction was such that it, of itself, under the circumstances of the case, carried conviction beyond a reasonable doubt, and that if such circumstances exist, or if the testimony of the accomplice is corroborated in important particulars, as to the several respondents, the jury may take his relation as true.

After the jury had retired, they returned for instructions from the court, and through their foreman asked the following questions: "Shall the corroborating evidence, as regards Mr. Foster's testimony relative to Mr. Potter alone, have weight as regards Mr. Foster's testimony against Mrs. Potter, or render such evidence, as against Mrs. Potter, more worthy of belief by the jury?" The court, in answer to this question, told the jury that as Foster's testimony tended to implicate both respondents in the same transaction, evidence that corroborated his testimony, in some important particulars, tended to induce belief in the truth of his testimony in other important particulars, and evidence in corroboration of his testimony in respect to Mr. Potter the jury might consider in judging of the truth of his testimony in respect to Mrs. Potter; that it was not necessary that his testimony should be corroborated in all its important parts to warrant the jury in finding it to be true. That the weight to be given to the whole testimony was for the jury to determine. To the charge of the court, as herein set forth, and to the court's refusal to charge as requested, the respondents excepted. In all other respects the charge was satisfactory, and was such as the case called for. The jury returned a verdict of guilty as to both respondents.

*Henry Ballard*, for the respondents.

The court erred in admitting testimony as to the burglary. Roscoe's Crim. Ev., 81 ; 2 Rus. on Crimes, 772 ; *Rex* v. *Smith*, 12 E. C. L., 776 ; *Regina* v. *Oddy*, 4 E. L. & Eq., 572. The court should have directed a verdict of acquittal, as the respondents requested. 1 Whar. Crim. Law, 196 ; *Rex* v. *Mary and John Messingham*, 2 Brit. Crown Cas., 257 ; *Rex* v. *Manners and Mills*, 32 E. C. L., 880. If the refusal of the court to direct a verdict of acquittal as to both respondents was proper, such a verdict should have been directed as to the respondent Adelia. *Regina* v. *Dovey & Gray*, 2 E. L. & Eq., 532 ; 1 Whar. Crim. Law, 196, note ; *Rex* v. *Hempstead and Hudson*, 1 Brit. Crown Cas.,

State v. Potter and Wife.

343 ; 2 Lead. Crim. Cas., 139, note. The first request of the respondents to the court to charge should have been complied with, and the charge as given upon that point was erroneous. The court should have charged as requested, in respect to the acquittal of the respondent Adelia, upon the ground of coercion. *Com.* v. *Trimmer et al.*, 1 Mass., 476 ; *Com.* v. *John and Elizabeth Neal*, 10 Mass., 152 ; *Rex* v. *Knight and Wife*, 12 E. C. L., 78 ; *Rex* v. *Matthews and Wife*, 1 E. L. & Eq., 549 ; *Rex* v. *John and Sarah Price*, 34 E. C. L., 585 ; *Reg.* v. *Brooks*, 14 E. L. & Eq., 580 ; 1 Whar. Crim. Law, p. 53, ¶ 73 ; 3 Greenl. Ev., 9, 10, 11 ; 1 Lead. Crim. Cases, 81 ; *Reg.* v. *Thomas and Margaret Woodward*, 34 E. C. L., 891 ; 1 Rus. on Crimes, 17. Some cases even go to the extent of laying down the rule that a wife cannot be convicted at all upon a joint indictment with her husband. *Reg.* v. *Woodwards*, *Rex* v. *Knight and Wife*, *Com.* v. *Trimmer et als*, above cited ; *Rex* v. *Somers*, 1 Brit. Cr. Cas., 25.

In respect to the corroboration of the accomplice, Foster, the court should have charged as the respondent requested. 1 Phillips on Ev., 28 ; *People* v. *Whipple*, 9 Cowen, 707, 721, note ; 2 Carrington & Paine, 411. But if an accomplice is admitted as a competent witness, the rule of practice in such cases has become so well established by a long series of decisions that it has acquired all the reverence and force of law, that a conviction cannot be had upon his testimony except it is corroborated by some other unimpeachable evidence. *Rex* v. *Neal & Taylor*, 32 E. C. L., 555 ; 2 Rus. on Crimes, 962, 967 ; *People* v. *Whipple*, 9 Cowen, 713, note ; *Rex* v. *Noakes*, 14 E. C. L., 342 ; *Rex* v. *Addis*, 25 E. C. L., 488 ; *Rex.* v. *Webb et al.*, 25 E. C. L., 592 ; *United States* v. *Jones*, 2 Wheeler's Crim. Cas., 451 ; *Reg.* v. *Dyke*, 34 E. C. L , 723 ; *Reg.* v. *Jellyman*, 34 E. C. L., 916 ; *Com.* v. *Bosworth*, 22 Pick., 397 ; *Rex* v. *Wilkes & Edwards*, 32 E. C. L., 609 ; *Reg.* v. *Farler*, 34 E. C. L., 635. When two respondents are jointly indicted the corroboration of the accomplice must be as to some material facts, which bring the guilt home to each one of them, and if the accomplice is only corroborated in respect to one of them, the court will direct an acquittal as to the one against whom there is no corroboration. *Rex* v. *Moores &*

*Spindlo*, 32 E. C. L., 608 ; 2 Russel on Crimes, 962, 965, 966 ; Roscoe's Crim. Ev., 157, 158 ; 1 Phillips Ev., 33, 37 ; *Rex* v. *Wells*, Moody & Mal., 326. The charge of the court as to the corroboration of the accomplice was erroneous. The charge of the court, in answer to the question put by the jurors, was erroneous.

*Daniel Roberts*, state's attorney, for the state,

After arguing the points in the order raised by the first, second, third and fourth exceptions, maintained that if the offenses be separate, then the case is one for an election, and the prosecutor elects the husband for sentence, and is ready to dispose of Mrs. Potter by *nolle pros.* *State* v. *Roe*, 12 Vt., 93 ; *State* v. *Wheeler*, 35 Vt., 261 ; Russ. & Ry. C. C.; 344, (1 Arch. Cr. Pr. and Pl., 319, note ;) *Regina* v. *Matthews*, 1 E. L. & Eq., 549 ; and cited upon the fifth exception, viz.: that Mrs. Potter should be acquitted if her " participation in that possession was by the direction of the respondent Charles," *Reg.* v. *Smith*, 33 E. L. & Eq., 531, and *Reg.* v. *Willey*, 1 B. & H. Lead. Cas., 576 ; 1 E. L. & Eq., 566. In felonies, the husband may be charged as the accessory of the wife. *Morris' case*, 2 Leach, 1096 ; 1 Whart. C. L., § 74. The offense here charged was not even a misdemeanor at common law, because " there must be some *act* done to constitute a crime, and the having in possession only is not an act." 1 Russ. Cr., 48, citing *Rex* v. *Stewart*, Russ. and Ry., 288. It was made an offense by statute, (5 Geo. 4,) and is classed by Russell among misdemeanors. 1 Russ. Cr., 49. But in misdemeanors, all concerned, as aiders, abetters or inciters, are principals and indictable as such. 1 Whart. Cr. Law, § 131 ; ib. § 594 ; *Reg.* v. *Greenwood*, 9 E. L. & Eq., 535 ; *United States* v. *Gooding*, 12 Wheat., 460 ; *Reg.* v. *Parr*, 2 M. and Rob., 346, (2 Arch. 659, note ;) 1 Arch. Cr. Pl. and Ev., 15, citing *R.* v. *Clayton et al.*, 1 Car. and K., 128. The sixth exception was the request and charge as to the corroboration of Foster. See *Rex* v. *Hastings*, 32 E. C. L., 547 ; 2 Russ. Cr., 960 and *seq.*; 1 Ph. Ev., 41 ; 2 Starkie Ev., 23, 24 ; *Com.* v. *Bosworth*, 22 Pick., 397 ; *People* v. *Costello*, 1 Denio, 83 ; *Com.* v. *Downing*, 4 Gray, 29 ; 1 Greenl. Ev., § 380.

It is questionable whether an omission to charge upon this point would be a subject of exception, as a legal error. 2 Russ. Cr., 961, n. (t.)

In case of several respondents, it is not necessary to a conviction of all that the testimony of an accomplice should be corroborated as to each. It .was so directly decided in *Rex* v. *Dawber*, 3 E. C. L., 583 ; *Rex* v. *Jones*, 2 Camp., 133, by the twelve judges; *Rex* v. *Swallow*, 2 Russ., Cr., 962 and n. (b.); Brickett's case. Russ. and Ry. C. C. 251, (2 Russ. Cr., 962 n. (y.); Andrew's case, 1 Coxe C. C., 133. (Rosc. Cr. Ev., 158.); *Rex* v. *Barnard et al.*, 12 E. C. L., 60 n. (b.) Upon the very point in this case, *Regina* v. *Stubbs*, 33 E. L. & Eq., (7 Coxe C. C., 20, 1 B. and H. Lead. Cas., 545,) is absolutely conclusive.

The opinion of the court was delivered by

STEELE, J. I. The respondents are husband and wife. They are charged in the indictment with knowingly having in their possession certain burglarious implements, with intent to use them feloniously. Whatever possession the wife had while her husband was with her was *prima facie* innocent, as under the coercion of her husband. The respondents claimed more than this, and asked the court to instruct the jury that, if her possession was by *direction* of her husband, it would be *prima facie* innocent. This part of the request was unsound ; and no error, therefore, lies for the refusal of the court to charge as requested in this respect. But the court did charge, to use the language of the exceptions, that " the undisputed facts in this case showed that the respondent Adelia's connection with the transaction was during the absence of her husband, when she was free from his immediate influence and control, and if the jury found that she had the keys in her possession, and was carrying out the common intent as aforesaid, she was *then* legally responsible, and they might render a verdict of guilty as to her." This implies that she is not legally responsible except for what she did in her husband's absence, and we think was understood by the court and the jury as limiting the guilt to such acts and possession as were done and had in the evening after the husband's departure in the morning

for Canada. The charge was, therefore, correct on this branch of the case, for very clearly the wife was responsible for her possession during the husband's absence ; and the fact that such possession was by the command of her husband, given before he left, would raise no presumption in her favor.

II. But was the wife's possession, during her husband's absence and on the occasion of the burglary, the *joint* possession of the husband and the wife? Unless it was, this joint conviction of both respondents was erroneous as to one. A joint conviction could not be supported by proof fixing the guilt upon one respondent at one point of time, and on the other at another point of time. The possession, to have been joint, must have been simultaneous. If, in this case, the wife is held, the husband must be released, unless the wife's actual possession of the implements, on the evening of the burglary, was in the sense of the law his possession also. It is clear that her *use* of them on this occasion was not, in the sense of the criminal law, his use of them. For her use would make her guilty of a burglary, while the fact that this use was by direction or procurement of the husband would make him guilty, not of the burglary, but of being accessory to it. The court, however, held that her possession, in her husband's absence, might be the possession of the husband, and in this there is error, unless, in the nature of things, the general rule of law, which requires the presence of a party in order to constitute him guilty of the actual performance or execution of a criminal act, is inapplicable to a case in which the crime consists in *having an unlawful possession*. The court told the jury that if they found " that the keys were procured by the respondent Charles, for the purpose of committing a burglary, and with the knowledge of said Adelia, and he, with the respondent Adelia, planned the burglary itself, in the commission of which the keys were to be used, and that he passed the keys to her for that purpose, and she kept them, and attempted to use the same in carrying out such purpose, even though they should find that the burglary was committed by her in his absence, both the respondents were equally and jointly guilty of the crime charged." This, when taken with the other portions of the charge which have been referred to, amounts

to a ruling that the wife's possession of the tools, on the occasion of the burglary, if pursuant to a scheme concerted between her and her husband while the tools were in his actual possession, was in law the joint possession of herself and her absent husband. The expression of the statute, "have in possession," is perhaps somewhat vague. It cannot be limited to manual touch or personal custody. Under a similar statute against having counterfeit coin in possession, although there was in the statute an interpretative clause which seemed to limit the possession to personal custody, still the majority of the judges held, in a case where two were together, and one had the actual possession for the benefit of both, that the possession was joint. Roger's case, cited in Roscoe's Cr. Ev., 397. So if a person deposits the unlawful implements in a place of concealment, either upon his own premises or elsewhere, he would doubtless have them in his possession even though absent from the place he was using for their concealment. In this case the jury have found that the keys were passed by the husband to the wife to perfect their guilty design. Under such a custody by the wife for herself and her husband, and by direction of the husband, the implements were not less in the husband's possession than they would have been if they had remained in his place of concealment without being imparted to the care and use of the wife at all. If the husband with the guilty intent had left them concealed on his premises without communicating the fact of their existence to his wife, he would have been guilty of continuing his unlawful possession during his absence. In what respect was the case altered by his taking his wife into his confidence, not in order to abandon his possession, but in order the more securely and effectually to hold and continue it by making her the partner of his crime? We see no error in the ruling that the wife's possession in the absence of her husband may have been the joint possession of the husband and the wife.

III. The court declined to advise or caution the jury that the wife, unless there was evidence other than that of the accomplice tending to prove her connection with the crime, should be acquitted; but on the contrary, substantially told the jury that they might convict both prisoners on the evidence of the accomplice, if

it was corroborated in important particulars as to one, and commended itself to their credit as true beyond a reasonable doubt as to both. We think the better practice is to advise the jury to convict no prisoner unless there is some proof, other than the testimony of an accomplice, tending to show *that prisoner* to have had a guilty connection with the commission of the crime. This, we understand, is generally, though by no means universally, recognized as the true rule of practice. But it is only a rule of practice, and not a rule of law. The jury are the final judges of the weight of testimony, whether from accomplices or others, and it is no error of law for the court to neglect or refuse to express an opinion to the jury as to what facts they should find or not find upon the proof. The fact, that the evidence was from an accomplice, tends in law to discredit it, and the jury were fully informed of that fact. Being so informed, and it being peculiarly within their province to determine what weight to give it, the court was not bound to advise them as to their conclusions. It has seldom, if ever, been held that the respondent could as a matter of law claim from the court instructions or advice to the jury to acquit him by reason of a lack of credibility in the witness against him, even though that witness is an accomplice. Though we do not approve the neglect of the court to give the customary caution in this case, we can not treat it as legal error. A conviction, in which the charge was open to precisely the same criticism as this was, in a recent English case, decided in 1855, sustained by the unanimous judgment of the court, JERVIS, C. J., PARKE B. WIGHTMAN, J., CRESSWELL, J., and WILLES, J., giving opinions *seriatim*, in which they hold that this is but a matter of practice, in respect to which no question can be reserved, although as a matter of practice three of the justices state that under such circumstances it is wise to advise the jury to acquit. *Regina* v. *Stubbs*, 1 Bennett & Heard's Lead. Cr. Ca., 545 (from 33 Eng. L. & Eq., 551.) This disposes of all that portion of the reserved case out of which, so far as we can see, any question can be raised.

The result is, the respondents take nothing by their exceptions, and judgment of guilty is rendered upon verdict.