STATE *v.* FOSTER S. DANA.

*Criminal Law. Pleading. Incest.* R. L., ss. 2306–7, 4246. *Accomplice, Evidence of. Corroboration. Jury.*

1. A person may be convicted on the uncorroborated testimony of an accomplice; and although his statements should be received with great caution, and the jury should always be so advised, yet if they find it true, no confirmation is needed.

2. Where the respondent was charged with committing incest with his niece, and she testified against him, *it was held* that the rule as to corroborative evidence merely required such confirmation of the particulars of the accomplice's story as convinced the jury of its truth.

3. Section 2306, R. L., prohibits a marriage between a man and a brother's daughter; section 4246, R. L., provides that persons, between whom marriages are prohibited by section 2306, and who commit fornication with each other, shall be punished as in case of adultery. The respondent was indicted for incest; and it was charged in substance that he committed fornication with his brother's daughter, and that he and she are "persons between whom marriage is prohibited"; *Held,* in arrest, that the indictment is sufficient; that the allegation, that the respondent "did commit fornication with," etc., in describing the offense, is, in substance, an allegation of illicit intercourse, and a sufficient averment that he had carnal knowledge of the person of the *particeps;* that it was not necessary to allege that he knew of the relationship existing between them; and that it was sufficient to allege that marriage was prohibited between them without adding the words, *by the laws of the State of Vermont* the conclusion, *contra formam statuti,* sufficiently showing it to be an offense under the statute law of the State.

INDICTMENT under section 4246, R. L., charging the respondent with having sexual intercourse with one Minnie C. Dana, the daughter of a brother of said respondent. Trial by jury, September Term, 1886, POWERS, J., presiding. Verdict, guilty. The respondent moved in arrest, but the motion was overruled.

The said Minnie C. Dana was the principal witness against the respondent. The testimony on the part of the State tended to show that said Minnie C. was delivered of a child; that the

respondent and Minnie C. lived near each other; and it was not controverted but that she was frequently at his house, and that they frequently met. The said Minnie C. testified that on a certain time, when she was at his house, he carried her into a bed-room, and against her will had sexual intercourse with her; that a few weeks afterwards, when she was at his house, and in the same bed-room, the respondent came in, closed the door by putting the blade of a jack-knife over the latch in the door and again had sexual intercourse with her; and that, at a certain time after she knew she was pregnant, she met him near his house, not far from the "dugaway," so called, told him of her condition, and asked him to help her. The mother of Minnie C. testified that she saw her and the respondent at the "dugaway," but that she heard no talk. The respondent admitted that he had the jack-knife, and did not deny that he met her at the "dugaway," but denied that she told him that she was pregnant on that or any other occasion, and claimed that he knew nothing about the matter until he was arrested. The court charged, in part:

"Something has been said in the argument of this case respecting the testimony of this *particeps*, this girl Minnie. It is said that she is an accomplice. And counsel request us to charge you that you have no right to convict a person upon the uncorroborated testimony of an accomplice.

"Well, it is true that there has been very much discussion in the books upon this subject; and there may be perhaps a seeming difference of sentiment respecting it. But the courts in this State have long ago laid down the rule that it is not precisely accurate to say that no conviction can be had upon the sole testimony of an accomplise. The question is one for the jury to consider in view of the fact that the accomplice is guilty of the same crime as the person on trial. It is always the province and right of the jury to judge of the credibility of testimony."

*S. C. Shurtleff* and *J. G. Wing*, for the respondent.

The said Minnie C. was an accomplice, and the court should have charged the jury that there could be no conviction on

State *v.* Dana.

her uncorroborated testimony.    Rap. & L. Dic. ; 47 Ill.
152 ;  *United States* v. *Jones*, 2 Wheeler Crim. Cas. 451 ;
*People* v. *State*, 9 Cow. 707 ; *Rex* v. *Neal*, 32 E. C. L.
555 ; *Rex* v. *Addis*, 25 E. C. L. 488 ; *Reg.* v. *Dyke*,
34 E. C. L. 723 ; *Reg.* v. *Jellyman*, 34 E. C. L. 635 ;
Roscoe Cr. Ev. 121.    The evidence on the part of the State
tended to prove rape ; and a conviction for incest would not be
a bar to a prosecution for rape.    *State* v. *Smith*, 43 Vt. 324.
As to corroborative evidence, *see* 1 Greenl. Ev. s. 380.    The
indictment was not sufficient.    It should have been alleged
that the respondent had carnal knowledge of, etc. :    Heard Cr.
L. 723 ;  Bishop Forms, 564 ; that he had knowledge of the
relationship existing between him and the accomplice.    *Rea*
v. *Harrington*, 58 Vt. 181 ; *Lampkins* v. *Justice*, 1 Ind. 560 ;
*Griggs* v. *Vickery*, 12 Ind. 549.

*E. W. Bisbee, State's Attorney*, for the State.

The indictment was sufficient.    R. L. ss. 2306, 4246 ; Bish.
St. Cr. 732 ; *Hood* v. *State*, 6 Ind. 263 ; *Commonwealth.* v,
*Elwell*, 2 Met. 190 ; *Commonwealth* v. *Smith*, 103 Mass. 444 ;
*Hicks* v. *People*, 10 Mich. 395.    Minnie C. Dana was not an
accomplice.    Whar. Cr. Ev. 440.    But if an accomplice, she
was a competent witness.    *State* v. *Colby*, 51 Vt. 291.    It
only affected her credibility ; and a conviction may be had
upon her uncorroborated testimony.    1 Phil. Ev. 89 ; 1 Greenl.
Ev. s. 380 ;  1 Bish. Cr. Proc. s. 1169 ; 1 Chit. Cr. L. 604 ;
*Cunningham* v. *State*, 31 Me. 355 ; *Litchfield* v. *State*, 58
Me. 267 ; *Commonwealth* v. *Price*, 10 Gray, 474 ; *Common-
wealth* v. *Brooks*, 9 Gray, 299 ; *People* v. *Jenness*, 5 Mich.
305 ; *Gray* v. *People*, 25 Ill. 344 ; *State* v. *Williamson*, 42
Conn. 261 ; 25 La. Ann. 522 ; 52 Miss. 923.

The opinion of the court was delivered by

WALKER, J.    This is an indictment under section 4246,
R. L., which provides that persons, between whom marriages
are prohibited by sections 2306–7, R. L., who intermarry, or

State *v.* Dana.

who commit fornication with each other, shall be punished as in case of adultery. The indictment is in two counts, each of which charges that the respondent, Foster S. Dana, " did commit fornication with one Minnie C. Dana, the said Minnie C. Dana then and there being the daughter of the brother of the said Foster S. Dana, the said Foster S. Dana and the said Minnie C. Dana being persons between whom marriage is prohibited," etc.

The points urged in behalf of the respondent in the argument of counsel are raised upon exceptions taken to the charge of the court and upon the respondent's motion in arrest of judgment.

The respondent's counsel requested the court to charge the jury in accordance with the following requests :

1. That as this indictment is framed Minnie C. stands as an accomplice.

2. That it is the duty of the court to advise the jury that when the crime charged is supported only by the uncorroborated testimony of an accomplice, it is the duty of the jury to acquit the respondent.

3. That facts and circumstances, about which there is no dispute, which are testified to by an accomplice, and which do not necessarily tend to fix the crime charged upon the respondent, are not corroborating evidence.

4. That in this case the fact that the accomplice was admitted to be at the defendant's house, or that he on several different occasions met her and talked with her, or that at that time he had a jack-knife, and all similar facts and circumstances, about which there is no conflicting evidence, do not tend in this case to corroborate her.

5. That all facts or circumstances are to be construed as innocent unless they necessarily tend to show guilt of themselves, or are so connected with other facts as to show guilt.

I. We think the respondent has no ground of complaint of the charge of the court in respect to the subject-matter of his first two requests, which are considered below together, and

that there was no error in the charge of the court as given, nor in its refusal to charge as requested in said two requests.

The court very fully instructed the jury as to what facts would constitute the complainant, Minnie C. Dana, a voluntary accomplice in the crime charged, and that if they found such facts upon the evidence, then she was an accomplice; and properly advised the jury that although they had a right to convict the respondent upon the uncorroborated testimony of an accomplice implicated in the crime charged, if it satisfied them of his guilt beyond a reasonable doubt, yet they ought not to convict him upon the testimony of an accomplice alone, unless they found in the story of the accomplice, itself, such inherent evidence of truthfulness that they were forced to believe it; and that they ought to proceed with the greatest caution in rendering a verdict of guilty upon the uncorroborated statement of an accomplice; that such a witness is not entitled to the same amount of credit as a witness who is not clouded by any such character; and that ordinarily when the testimony of an accomplice becomes material to establish the guilt of a respondent, there should be corroboration of it in some material respect, in some respect that goes to the essence of the crime itself, before it would be safe to render a verdict of guilty. The charge in other respects fully advised the jury as to the caution they should exercise in giving credit to an accomplice in a crime; and that ordinarily jurors should cast about for corroborative proof before they convict upon the testimony of an accomplice.

There is no rule of common law nor of the statute law of this State, that a person shall not be convicted on the testimony of an accomplice unless corroborated by other evidence. In some states such a rule may exist either from a code or statute law.

It is always a question for the jury, who are to pass upon the credibility of the accomplice, as they must upon that of every other witness. His statements should be received with great caution, and the court, as the court did in this case,

should always so advise ; yet if the testimony of the accomplice obtains full credit with the jury, and they are fully convinced of its truth, they should give the same effect to his testimony as should be allowed to an unimpeached witness, who is in no way implicated in the offense. Such testimony, if believed by the jury, will warrant a conviction. In all cases where the prosecution depends upon the uncorroborated testimony of an accomplice, the court, as before stated, should advise great caution on the part of the jury in giving credit to it ; but the jury are not to be advised or instructed as matter of law that the prisoner in such case must be acquitted. It is not the duty of the court to advise the-jury as to their conclusions upon the evidence which has been given on trial for them to consider and weigh in finding whether the respondent is guilty or not guilty of the offense charged. The accomplice is a competent witness, and his testimony must receive such credit and weight as the jury find it entitled to. If the jury find his testimony to be true, the consequence is inevitable ; it needs no confirmation from another witness. When his testimony is believed by the jury it is unquestionably sufficient to establish the facts as to which he testifies, without any confirmation. It is not for the court to determine the credibility of the accomplice ; and the court cannot, as matter of law, advise the jury that they must acquit the respondent by reason of lack of credibility of the accomplice when his testimony is not corroborated by other evidence. *State* v. *Potter and Wife*, 42 Vt. 495 ; *Linsday* v. *People*, 63 N. Y. 143 ; Roscoe Crim. Ev. 143 ; 1 Greenl. Ev. s. 380 ; *Rex.* v. *Jones*, 2 Camp. 132 ; *Rex* v. *Hastings*, 7 Carr. & P. 152 ; *Jordaine* v. *Lasbrooke*, 7 T. R. 609 ; *Rex* v. *Attwood*, 2 Leach, 52.

In the case last cited the twelve judges were unanimously of the opinion that if the jury, weighing the probability of the accomplice's testimony, think him worthy of belief, a conviction supported by such testimony alone is perfectly legal.

II. As to the respondent's third, fourth and fifth requests to charge, the court instructed the jury as follows : " It is claimed

that the evidence of this witness (Minnie) is corroborated by the testimony of her mother and others, who saw her in conversation with the respondent. Well, before you determine that, you must inquire what was that talk. If that was innocent conversation between an uncle and his niece, then, very plainly, there is nothing in that that points towards guilt at all. That talk, in other words, must be of the kind and character that she describes in order to warrant you, if you are satisfied that it took place, in relying upon it as corroborating her in any respect. If she met him at the ' dugaway ' or on any other occasion, and conversed with him upon the subject-matter of her trouble, and advised with him as to how she had best manage to get rid of her guilt, and he participated in that and talked with her about it, why that, in and of itself, is a circumstance tending to show that he was in some measure responsible for it. On the other hand, if the talk was such as he represents it, a casual meeting of her and a casual talking, not on this subject, it is, of course, not of any importance. And so with other evidence as to corroborating circumstances introduced here on behalf of the State."

As it was competent for the jury to convict on the uncorroborated testimony of the accomplice, if they believed it to be true, it was not necessary for the court to state to the jury more fully than it did, in the extract from the charge above quoted, what constituted corroborative evidence, nor in what particulars confirmation should be had when necessary.

The rule as to the manner and extent of corroboration required, when necessary, is said by some writers, not to be definitely settled. Learned judges have differed somewhat on this subject. Chief Baron Joy, in his treatise on Evidence of Accomplices, says: " The only rule which has the appearance of reason to support it, is that which has uniformly and without an exception been laid down and acted upon by the English judges, which is, that the confirmation ought to be in such and so many parts of the accomplice's narrative as may reasonably satisfy the jury that he is telling truth, without restricting the

confirmation to any particular points, and leaving the effect of such confirmation (which may vary in its effect according to the nature and circumstances of the particular case) to the consideration of the jury, aided in that consideration by the observations of the judge."

This rule requires such confirmation as to the particulars of the accomplice's story as convinces the jury of its truth and no more ; and we think it a reasonable one, and an embodiment of the law upon that subject. It is not essential that the confirmation point directly to the respondent. It is corroborative if it be of any part of the material statements of the accomplice, and must be given its weight as such, the question being in all cases whether the jury, upon all the evidence, will believe the uncorroborated parts of the testimony.

When corroboration is necessary, it is not indispensable that such corroboration should be furnished by positive and direct evidence, but circumstances and facts proved or admitted, legitimately tending to show the existence of material facts, will be sufficient to authorize a conviction, if they satisfy the jury of the truthfulness of the accomplice's story.

In the light of this rule, we think the learned judge, in his charge as regards the respondent's third, fourth and fifth requests, complied with the law, and we find no substantial error therein, nor in his refusal to charge as requested.

III. After verdict the counsel for respondent filed a motion in arrest of judgment for insufficiency of the indictment in the following particulars :

1. Because it is not alleged therein that the respondent ever had carnal knowledge of the said Minnie C.

2. Because it is not alleged therein that the respondent knew the relationship existing between him and the said Minnie.

3. Because it is not alleged therein that marriage between the parties is prohibited *by the laws of the State of Vermont.*

The County Court overruled this motion.

These objections to the indictment will be considered in the order stated.

1. The indictment is based upon section 4246, R. L., which provides. that persons, between whom marriage is prohibited by s. 2306–7 R. L., who intermarry or commit fornication with each other, shall be punished as in case of adultery. The offense is a statutory one. By it fornication is made a crime only when committed by persons within certain degrees of consanguinity. Its definition and proceedings to punish persons charged with it are dependent upon the statute itself.

The indictment charges that the respondent " did commit fornication with Minnie C. Dana," and alleges in apt language that the respondent is related to her within the degrees of consanguinity specified in sections 2306–7 ; and that they are persons between whom marriage is prohibited.· The allegations of the indictment bring the case within the provisions of the statute creating the offense, and are sufficient, if the crime is sufficiently described. It is objected that the averment that the respondent " did commit fornication" with the *particeps* is not sufficient, in this, that there is no formal allegation that he had carnal knowledge of her person. Fornication at common law is the illicit or sexual intercourse of two persons of different sexes when neither is married. It has at common law, primarily, no other meaning. When the general word, fornication, is used in an indictment for fornication as descriptive of the offense, it is an allegation of· illicit intercourse of two unmarried persons of different sexes ; and the allegation, did commit fornication, etc., is a sufficient averment of carnal knowledge of the person. The word fornication, as used in the indictment in connection with the other averments necessary to bring the case · within the provisions of the statute, clearly shows what offense is charged. The respondent could not be misled as to what charge was brought against him to which he was to plead and against which he was to defend himself. There could be no doubt as to what offense he was to be tried for, or the judgment that ought to be rendered in case of conviction ; and a record of the judgment would furnish a full defence, if the respondent should afterwards be prosecuted for

the same crime. All the objects to be secured by requiring certainty in indictments are fully secured by it. The use of the general word, fornication, in the description of the offense, is approved in Wharton's Criminal Law, vol. 2, s. 2267; and in Wharton's Precedents, ss. 1003 and 1004, in the form of an indictment for fornication, there recommended to the pleader, the crime is described by using the general word as it is used in this indictment.

2. This is not a crime where the statute makes it necessary to allege and prove affirmatively that the respondent knew the relationship existing between him and the *particeps*. The respondent's knowledge of the relationship is not made an essential part of the crime. We have another statute which makes it a crime to carnally know a female child under the age of eleven years with or without her consent. Would it be necessary to allege and prove affirmatively that the accused knew she was under the age of eleven years, a fact extremely difficult, and in most cases impossible to prove? We think not. A more reasonable and practicable rule is that if a person willfully does an unlawful and criminal act he takes upon himself all the legal and penal consequences of such act regardless of his knowledge, unless knowledge is made an essential ingredient of the crime. This same question was raised and decided by the Supreme Court, in the case of *State* v. *Wyman*, *ante*, .527, on an indictment upon the same statute, where the court held it was not necessary to allege knowledge of the relationship in such an indictment.

3. The essence of the crime charged in the indictment is the commission of fornication by persons within the degrees of consanguinity, specified in sections 2306–7. The statute creating the offense describes the persons who shall be punished for fornication as being the persons between whom marriage is prohibited by said sections. The indictment sets forth that the parties to the crime are related within the degrees of consanguinity mentioned in said sections, and that they are persons between whom marriage is prohibited. It is objected

that the allegation as to prohibition of marriage is insufficient, in that it does not allege that marriage is prohibited between them *by the laws of the State of Vermont.* If the allegation that marriage is prohibited between the parties is necessary (which we do not decide) in addition to the allegation that the parties are related within the degrees of consanguinity specified in said sections, it is sufficient to allege that marriage is prohibited between them without adding the words *by the laws of the State of Vermont.* The conclusion, *contra formam statuti,* sufficiently shows that the offense charged in the indictment is an offense under a statute law of the State of Vermont.

We think the respondent's motion in arrest of judgment was properly overruled.

The result is the respondent takes nothing by his exceptions.