# REPUBLIC OF HAWAII *v.* C. AWAI.

## EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED SEPTEMBER 28, 1899.   DECIDED NOVEMBER 11, 1899.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE STANLEY, IN
PLACE OF JUDD, C.J., ABSENT.

"Having in possession" as used in the opium statute.

The court charged that 'such possession of opium means that the per-
son so charged must be the owner of the same, or have control
of it, and the right to exclude other persons from meddling with
it. The meaning of possession under this statute is not limited
to manual touch or personal custody." Held, that the charge was
not bad as defining constructive possession. "Possession" as
used in this statute has a wider meaning than "custody"; if one
has control of opium and can take it into his actual possession at
his pleasure, then this is *having in possession* within the meaning
of the law.

### OPINION OF THE COURT BY WHITING, J.

The defendant was convicted in the Fifth Circuit Court of the
offense of "having opium unlawfully in his possession."

Exceptions taken:

1. In the course of the trial, the prosecution propounded the
following question to a witness, Meeawa: "Do you know whether
he (the defendant) said anything to the purser of the steamer?"
Objected to on the ground that the same was immaterial and ir-
relevant.

This exception is overruled. Statements of the defendant against his interests are admissible and questions to bring out such testimony, if answered favorably for the defense are not to defendant's prejudice. The answer to the question was that there was a conversation between the defendant and the purser; what it was witness did not know.

2. During the examination of witness J. Grube, the prosecution propounded the following question: "What was his manner on said occasion? meaning the defendant. Objected to on the ground that it was a matter of opinion.

This exception is overruled. Such testimony is not a mere matter of opinion; it goes further and shows a condition or act; the appearance of accused, excitement, anxiety, fear and the like are actions which may be proved by a witness who observed the same. Other evidence of the excitement of defendant was admitted without objection.

3. The prosecution asked witness Grube, "Was there anything so far as you could see to excite him other than the box? Objected to as a matter of opinion. This question was not answered by witness.

4. The defendant excepted to the court's definition of "possession" in its charge to the jury. The court charged, after stating the statute law * * * "I charge you that such possession of opium means that the person so charged must be the owner of the same, or have control of it, and the right to exclude other persons from meddling with it. The meaning of possession under this statute is not limited to manual touch or personal custody."

The defendant excepted to the verdict as contrary to the law and the evidence, and moved for new trial, on the same ground, which was overruled. Other grounds were set forth in the motion for a new trial, but were not presented or argued in this court and need not be noticed. The evidence given was substantially as follows:

Meewa:—On the arrival of the steamer at Eleele, Island of Kauai, the defendant was on the wharf in the morning; general freight was landed, and all the freight was taken away except one box, by various parties; it was mostly Chinese freight; at that

time no one claimed the box; inside this box was a smaller box containing opium; (later the box was opened by the deputy sheriff and taken away by him). While the box was on the wharf, defendant went to the purser of the steamer; defendant walked up and down the wharf, going to the further end of the wharf and then would come back; he was at that time very excited; no one touched the box or went near it except the deputy sheriff. Awai did not take hold of it or attempt to carry it away.

The deputy sheriff:—Testified that when the purser came ashore I went to him and asked to see his book in which he had the different freight marks and to whom it is. I acted on information and looked to see for that mark, and I could not find it in the mark of the defendant. His usual mark is "N. C." I am talking about the book of the purser; I was looking over the different marks to see if the box I expected was there. It was not under his usual mark, and knowing his name is Chung Wai I looked for his marks and found it. It was C. W. While other freight was being landed, defendant went back and forth from the end of the wharf and looked at all the freight and had a conversation with the purser. I saw him talking to the purser, but I did not hear what he said. I did not see him touch this box, but I saw him point at it while talking to Mr. Grube.

On cross-examination:—His usual mark is N. C., he is bookkeeper for Ng Chung Co. This was marked W. C. No. C. W.; his name is Chung Wai which means C. W.

Grube, sworn:—Freight clerk of steamer W. G. Hall. On October 6, Thursday morning, discharged freight at Eleele; I went ashore in the first boat, and Awai came to me and asked if I had any freight on board for him, and I said there were quite a number and he walked away. Just as the last boat of freight was coming ashore he came to me and pointed out a box marked C. W. and told me to take it aboard the steamer and to land it ashore at Eleele on the way back to Waimea, and he would fix it with me all right afterwards. It was on the further end of the wharf at the time by itself. (Grube identified the box in court as the same box.) Awai did not take the box into his possession, only pointed at it.

From this evidence it may well be that the jury who were judges of the evidence and facts, found that the defendant was the owner of the box containing the opium and of the opium itself; that he had control of it, the right to take it into his own

manual or actual possession, and also that he could and did command its use and disposal, and even exclude other persons from meddling with it. Such being the case, the verdict was not against the evidence nor contrary to the law as laid down by the trial court.

We are of opinion that the charge of the court was correct. It is not necessary to constitute the offense that the defendant should have the actual physical custody of the opium, or that it should be within or upon premises over which he has control. "Having in possession" has a wider meaning, such as laid down by the trial court.

"To constitute possession with intent to pass, it is not necessary that the prisoner shall have the counterfeit coin in his hands, in his pocket, nor on his person. But if in the language of the charge of the court to the jury in this case, 'it was in the county where the accused put it for safe keeping, and if he keeps the secret of the place where the coin has been deposited and has the control of the coin and can take it into his actual possession at his pleasure, then this is *having in possession* within the meaning of the law.' If the coin was within the power of the prisoner in such sense that he could and did command its *use*, the possession was as complete within the meaning of the statute, as if it had been actual." State of *Iowa v. Washburn*, 11 Iowa 245; *Rcp. Haw. v. Radin*, 11 Haw. 802.

"Possession of naval and military stores. The goods will be construed to be in the custody and possession of the prisoner, though they never have been in his actual possession, cr on his premises, if they have been under his control and disposed of by him; as where goods were received at a railway station, and *while they were there the prisoner made inquiries about them and directed how and to whom they were to be delivered,* this was held by the Court of Criminal Appeal to be sufficient evidence to support a conviction. *R. v. Smiley,* 1 Bell C. C. 145," cited in 2 Roscoe, Crim. Ev. Sec. 814.

*Possession.* The detention or enjoyment of a thing which a man holds or exercises by himself, or by another who keeps or exercises it in his name. It implies exclusive enjoyment. 18 Am. & Eng. Ency. 840.

Possession (as used in statutes imposing a punishment for "hav-

ing in possession" burglars' tools or other implements of crime). The meaning cannot be limited to manual touch or personal custody. One who deposits articles in a place of concealment may be deemed to have them in his possession. *State v. Porter*, 42 Vt. 495.

Exceptions are overruled.

*Deputy Attorney-General E. P. Dole* for the prosecution.

*C. Creighton* and *A. G. Correa* for the defendant.