## In re Forrest Hull.

February Term, 1931.

Present: Powers, C. J., Slack, Moulton, and Thompson, JJ., and Graham, Supr. J.

Opinion filed October ·13, 1931.

*Gelsi Monti* and *Deane C. Davis* for the petitioner.

*Cornelius O. Granai,* State's attorney, and *Alland G. Fay,* grand juror, for the State.

Powers, C. J. The petitioner was called as a witness in *State* v. *Shady,* a case wherein the respondent was charged in

the city court of Barre with selling intoxicating liquor to the petitioner and others. While being questioned by the State's attorney, the petitioner, acting under the advice of counsel, refused to testify on the ground that his evidence would tend to incriminate him. He was adjudged to be in contempt, and the court committed him to jail. He then brought this petition for a writ of *habeas corpus*, and is now at liberty on bail. It appears from the transcript of the Shady Case, which is attached to the petition before us, that the petitioner testified to having been at the Shady house on several occasions, and was asked if he purchased any liquid there. To this question he replied, "I refuse to testify on the ground that it might get me into trouble." He was then asked, "Were you approached by some officer here some time ago, and upon being approached by the officer, throw a bottle on the sidewalk and break the bottle?" Before the witness made answer, his counsel suggested to the court that the witness should be warned of the danger of self-incrimination. Whereupon, the court addressed the witness as follows: "Mr. Witness, is there anything about this case, if you give a full statement in answer to questions that are asked you by the prosecuting officer, that would tend to incriminate you or make you liable to a criminal prosecution?" The witness replied, "I do not know." Being pressed by the court for a yes-or-no answer, he replied, "No." His counsel vainly attempted to convince the court that the petitioner did not understand, and assured the court that an answer to the pending question would tend to incriminate him. The court ruled that the petitioner should answer the question, but the latter refused to do so. The court then adjudged him to be in contempt, and ordered his commitment as hereinbefore stated.

It is apparent from the record that the ruling below was induced by the statement of the petitioner to the effect that a full disclosure on his part would not tend to incriminate him. The case is so presented here. This statement, standing alone, would not be conclusive against his privilege. *People* v. *Forbes*, 143 N. Y. 219, 38 N. E. 303. His first answer that he did not know was probably true, though not necessarily so. It would be quite easy for one who had not examined the statute to be in doubt as to its real scope and effect. The circumstances indicate very strongly that the petitioner's final answer to the court was not correct. The fact that he smashed the bottle at the

34

approach of an officer indicates that its contents was contraband. The State's attorney's previous question indicated that he understood that the bottle contained intoxicating liquor recently purchased of Mrs. Shady, then on trial. The court was bound to judge candidly and fairly. Not only the statement of the petitioner as to the result of a full disclosure but that of his counsel to the contrary was for consideration. All in all, there was enough before it to require the court, in the exercise of a sound and impartial judgment, to see that the witness was in danger, notwithstanding his statement to the contrary. We do not hold, of course, that the State could not prove the facts implied in the questions asked, we only hold that it could not compel the petitioner to testify to them.

*Judgment that the petitioner is illegally restrained of his liberty, and he is discharged from custody.*