## State of Vermont v. Paul W. Crepeault

[ 229 A.2d 245 ]

February Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 4, 1967

Motion for Permission to Reargue Denied May 3, 1967

*Sten Lium,* State's Attorney, for the State.

*Ernest E. Goodrich* for respondent.

**Holden, C.J.** After trial by jury, the respondent was adjudged guilty of first degree arson under the provisions of 13 V.S.A. §502. The conviction stands on the testimony of three accomplices, of the ages of fifteen through seventeen. They accompanied the respondent on December 25, 1964, to an early American farmhouse in a remote area in the town of Wheelock. The State's evidence established that these witnesses traveled with the respondent, in his car, to the scene of the crime. There they joined in sprinkling gasoline in various rooms on the ground floor of the dwelling. The respondent struck a match and ignited the building. The home was completely consumed, with only the cellar excavation remaining. Other than the search for dangerous excitement, apparently the only motive for the crime was to get rid of the evidence of an unlawful breaking and entry of the home by the respondent and one of the accomplices, several weeks before, during deer season.

The respondent did not testify nor did he offer any evidence to meet the case presented by the State. The respondent moved to set aside the verdict. This appeal is based on the denial of that motion.

It appears in the record that the three participants who testified against the respondent were assured by the State's attorney, in open court, that they would not be prosecuted for their part in the offense. The respondent complains that the prosecutor had no authority to extend immunity to these witnesses and, in doing so, his constitutional rights were invaded. The question was presented during the course of the trial and later renewed by the motion to set aside.

[1] In oral argument, counsel for the State conceded that, in the absence of a statute to this effect, as prosecuting attorney he had no specific authority to confer immunity on a witness called to testify concerning conduct which might incriminate him. If properly exercised, he did have authority to discontinue or withhold prosecution. See, *In re Tomassi,* 104 Vt. 34, 36, 156 Atl. 533; *In re Garceau,* 125 Vt. 185, 187, 212 A.2d 633.

In any event, the assurance affected the credibility of these witnesses rather than their competency. An accomplice who testifies against a confederate in the hope of personal advantage is competent to do so even though the prospect of reward may adversely affect his credibility. *State* v. *James,* 161 Me. 17, 206 A.2d 410, 411; *People* v. *Jones,* 30 Ill. 2d 186, 195 N.E. 2d 698, 699; 23 C.J.S. Criminal Law §805; 58 Am. Jur. Witness §156.

The court instructed the jury generally on the matter of credibility of witnesses and charged the jurors to consider the interest of the witnesses in the outcome in measuring the weight to be given their testimony. The court failed to particularly mention the purported grant of immunity to the accomplices and the effect it might have on their credibility. This shortage was included as a reason to support the motion to vacate the verdict.

The charge would have been more appropriate to the evidence had it included some caution concerning the credibility of the testimony of accomplices, especially in the presence of hope of personal advantage. But the failure to do so is not necessarily reversible error. *State* v. *Potter,* 42 Vt. 495, 506. Moreover this instruction was not requested. The failure of the court to charge on this aspect of the case was not called to the court's attention by any objection or exception directed to the point until the motion to set aside was presented six days after the verdict was returned.

A verdict is not to be set aside and a new trial ordered for deficiencies in the court's instructions which have been overlooked, or allowed to go unattended at the time the case is submitted. *State* v. *Foss,* 100 Vt. 32, 35, 134 Atl. 636. In any event, the jury was fully aware of the prospect of personal gain to the State's witnesses, since the prosecutor's assurance of immunity was made in open court. We are not persuaded that the jury was unmindful of this circumstance in considering the weight to be given their testimony.

The respondent further contends that the testimony of the young accomplices was elicited in violation of their constitutional rights against self-incrimination. The rights of the witnesses in this respect were carefully safeguarded. The fathers of the witnesses were summoned and the trial court saw to it that the boys and their parents had the benefit of the advice of competent counsel before receiving their testimony.

The right to assert the privilege, or waive it, is personal to the witness. The respondent is in no position to assert the constitutional rights of others. These are matters beyond his control. *Hale* v. *Henkel,* 201 U.S. 43, 50 L.Ed. 652, 663, 26 S.Ct. 370; *State* v. *Geddes,* 136 A.2d 818, 819; *State* v. *Desilets,* 96 N.H. 245, 73 A.2d 800, 801; 8 Wigmore, Evidence §2270 (McNaugton Rev. 1961).

Lastly, the respondent maintains his conviction cannot be sustained on the uncorroborated testimony of his accomplices. There is no rule of common law nor of statute to support this contention. *State* v. *Dana,* 59 Vt. 614, 618. It has been consistently rejected in numerous cases presented to this Court, including the crime of arson. *State* v. *Teitle,* 117 Vt. 190, 208, 90 A.2d 562. However, this appeal calls upon us to overrule the established law, apparently for the reason that its application presents a risk of injustice to persons accused of criminal acts participated in by more than one.

In this instance the risk is minimized by the record. Although incriminating circumstantial evidence was consumed by the flames, the testimony of the accomplices remained unshaken on cross-examination. Their testimony concerning the incendiary origin of the fire, the preliminary conversations with the respondent, his conduct in conceiving and executing the crime charged, as well as their own participation, stands unchallenged. Nothing was offered to oppose the incriminating proof presented by the State.

On this state of the evidence, the testimony of the participating offenders needs no further proof to confirm it. The verdict of the jury is well founded. *State* v. *Teitle, supra,* 117 Vt. at 208; *State* v. *Bissell,* 106 Vt. 80, 90, 170 Atl. 102; *State* v. *Montifoire,* 95 Vt. 508, 512, 116 Atl. 77; *State* v. *Dana, supra,* 59 Vt. at 619.

The rule which the respondent seeks to impose is a rule of practice usually applied by force of statute. *State* v. *Dana, supra,* 59 Vt. at 618; *State* v. *Potter, supra,* 42 Vt. at 506. The reason for the rule is

to shield one accused of criminal participation in the offense charged from the danger of perjured testimony, at the hands of a co-conspirator, seeking to expiate his own guilt. While it might aid the interest of the accused, it is not properly called upon, in the absence of a statutory mandate, to destroy compelling proof and defeat the interest of justice to which the State is rightfully entitled. See, *Synder* v. *Commonwealth of Mass.*, 291 U.S. 97, 78 L.Ed. 674, 687.

*Judgment affirmed.*