## In re O'SHEA.

(District Court, D. New Jersey. December 7, 1908.)

1. PENSIONS (§ 11*)—INVESTIGATIONS—EXAMINATION—PENSION CLAIMS—CROSS-EXAMINATION.

Witnesses subpoenaed for examination as to the merits of pension claims, as authorized by Rev. St. §§ 184–186 (U. S. Comp. St. 1901, pp. 92, 93) and Act Cong. July 25, 1882, c. 349, § 3, 22 Stat. 175 (U. S. Comp. St. 1901, p. 3277), are subject both to examination and cross-examination.

[Ed. Note.—For other cases, see Pensions, Dec. Dig. § 11.*]

2. PENSIONS (§ 11*)—SPECIAL EXAMINATION—HEARING—NOTICE.

Special examinations as to the merits of pension claims, authorized by Rev. St. §§ 184–186 (U. S. Comp. St. 1901, pp. 92, 93) and Act Cong. July 25, 1882, c. 349, § 3, 22 Stat. 175 (U. S. Comp. St. 1901, p. 3277), can only be held on notice to the claimants.

[Ed. Note.—For other cases, see Pensions, Dec. Dig. § 11.*]

3. PENSIONS (§ 11*) — SPECIAL EXAMINATION — NATURE OF PROCEEDING—WITNESSES—PRESENCE OF ATTORNEY.

A special pension examination authorized by Rev. St. §§ 184–186 (U. S. Comp. St. 1901, pp. 92, 93) and Act Cong. July 25, 1882, c. 349, § 3, 22 Stat. 175 (U. S. Comp. St. 1901, p. 3277), is not a secret proceeding, and hence a witness subpoenaed to testify is entitled to have her attorney present at the examination so long as he conducts himself properly and does not unlawfully interfere with the examination.

[Ed. Note.—For other cases, see Pensions, Dec. Dig. § 11.*]

4. WITNESSES (§ 293*)—PRIVILEGE—SPECIAL PENSION EXAMINATION.

The protection afforded to a witness by Rev. St. § 860 (U. S. Comp. St. 1901, p. 661), in a special pension examination is not coextensive with the fifth amendment to the federal Constitution, so that, notwithstanding such section, a witness may properly refuse to answer a question, the answer to which will incriminate him.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 293.*]

5. WITNESSES (§ 308*)—EXAMINATION BEFORE COURT—RIGHT TO COUNSEL.

While a witness in a judicial proceeding before a court is not, as a matter of right, entitled to counsel, the court in such cases may temporarily postpone the examination to permit the witness to consult counsel.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 308.*]

6. PENSIONS (§ 11*)—SPECIAL EXAMINATIONS—SCOPE.

A special pension examiner has neither power nor right to extort a confession of violations of the criminal provisions of the pension laws by a witness at a special examination, though there is no intention of prosecuting the witness therefor.

[Ed. Note.—For other cases, see Pensions, Dec. Dig. § 11.*]

7. WITNESSES (§ 306*)—PRIVILEGE.

A witness' privilege not to answer incriminating questions must be claimed by her as her personal privilege, and cannot be claimed by her counsel.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1060; Dec. Dig. § 306.*]

On Motion for Order.

John B. Vreeland, for the motion.
Scott Scammell, opposed.

LANNING, District Judge. On October 22, 1908, the following application was filed with the clerk of this court:

"Department of the Interior, Bureau of Pensions:

"Washington, June 19, 1908.

"To any Judge or Clerk of any Court of the United States Having Jurisdiction. Greeting: In pursuance of sections 184, 185 and 186, Revised Statutes. and the act of July 25, 1882. I have the honor to request that a subpœna issue commanding Helen I. O'Shea, of Trenton, New Jersey, to appear at the time and place named therein and make true answers to such written interrogatories and cross-interrogatories as may be submitted to her by Mr. C. N. Twadell, a special examiner of this Bureau, and be orally examined and cross-examined with reference to the pension claims described as follows:

"Ctf. No. 434,954, William Conover Brearley, Co. H, 21st N. J. Inf.
"Ctf. No. 813,863, Oliver H. Knowles, Co. I, 38th N. J. Inf.
"Ctf. No. 468,908, John W. Morris, Co. H, 21st N. J. Inf.
"Ctf. No. 13,490, John C. Bank, U. S. Navy.
"Crf. No. 1,023,246, Azariah Cubberly, Co. E, 21st N. J. Inf.
"Ctf. No. 1,119,139, James Carson, Co. E, 21st N. J. Inf.
"Ctf. No. 872,020, Charles Hausser, Co. E, 21st N. J., Inf.
"Ctf. No. 813,160, Jonathan Coxon, Sr., Co. A, 21st N. J. Inf.

"Very Respectfully,            V. Warren, Commissioner."

The clerk thereupon issued a subpœna requiring Helen I. O'Shea to appear before the special examiner named in the application, at the office of the clerk, on October 23, 1908, at 10 o'clock in the forenoon, to testify in relation to the pension claims mentioned in the application. The subpœna was duly served, and on its return day Henry D. Phillips, assuming to act as attorney for Miss O'Shea, wrote a letter to the special examiner stating that she refused to appear and testify, "on the ground that such examination has for its purpose the obtaining from her of self-incriminating testimony." Thereupon a rule was allowed by this court requiring Miss O'Shea to show cause why she should not be punished for contempt. On the return of the rule she appeared. The only reason assigned for her disobedience of the subpœna was the one contained in Phillips' letter. This was adjudged to be utterly insufficient, but; inasmuch as it was stated that Phillips is the attorney who is prosecuting in the Pension Office the claims mentioned in the subpœna and in the application, and that Miss O'Shea is a clerk in his office and followed his advice, the further hearing of the rule was continued to a later date, with the understanding that Miss O'Shea would meantime appear before the special examiner and testify. She did appear, but with Phillips also with her. The examiner requested Phillips to leave the room. He refused to do so, stating that he was present as the attorney of Miss O'Shea. Thereupon the examiner adjourned the hearing, and now applies to this court for an order excluding Phillips from the examination.

One of the sections of the statutes under which the application was made and the subpœna issued authorizes the Commissioner of Pensions—

"to detail from time to time clerks or persons employed in his office to make special examinations into the merits of such pension or bounty land claims. whether pending or adjudicated. as he may deem proper, and to aid in the prosecution of any party appearing on such examinations to be guilty of fraud either in the presentation or in procuring the allowance of such claims."

Another of the sections provides that any judge or clerk of a United States District Court, upon application of the Commissioner of Pensions, shall have power to issue a subpœna for a witness to appear before the examiner detailed to investigate or examine into the merits of any pension claim, at a time and place to be named in the subpœna—

"there to give full and true answers to such written interrogatories and cross-interrogatories as may be propounded, or to be orally examined and cross-examined, upon the subject of such claim."

There is also a provision authorizing the punishment of disobedient witnesses.

It will be observed that the examination thus authorized relates to the merits of pension claims. Witnesses are to be subjected not only to examination, but to cross-examination. The pension claimants must therefore be entitled to notice of the examination, that they may be present to cross-examine the witnesses of the government if they choose to do so. It does not appear, in the present proceedings, that any one of the eight pension claimants mentioned in the application of the Commissioner of Pensions and in the subpœna has received notice of the proposed examination. This point, however, has not been argued by counsel, and it is referred to only for the purpose of calling attention to what seems to be an irregularity in the examiner's method of procedure.

Assuming that no such irregularity exists, and that Phillips claimed to appear before the examiner as the attorney of Miss O'Shea only, and not of the pension claimants, I know of no authority for excluding him from the room while the examination is in progress. The proceeding is not a secret one, like an inquest by a grand jury. So long as Phillips conducts himself with propriety and does not unlawfully interfere with the examination, he has a right to be present. If he should unlawfully interfere with the examination, a different question would be presented. The motion for an order excluding him from the examination will therefore be denied.

But it is further argued by the United States District Attorney, who appears for the motion, that, even if Phillips is permitted to be present at the examination, he cannot be allowed to advise Miss O'Shea, while on the witness stand, as to whether she may properly refuse to answer questions. It is said that, under the provisions of section 860 of the Revised Statutes (U. S. Comp. St. 1901, p. 661), Miss O'Shea must answer questions propounded to her as to the merits of these pension claims, even though the answers might tend to incriminate her. That this argument is not sound was shown in Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110, and again in Interstate Commerce Commission v. Brimson, 154 U. S. 479, 14 Sup. Ct. 1125, 38 L. Ed. 1047, and Id., 155 U. S. 3, 15 Sup. Ct. 19, 39 L. Ed. 49. See, also, Brown v. Walker, 161 U. S. 594, 16 Sup. Ct. 644, 40 L. Ed. 819; Ballmann v. Fagin, 200 U. S. 195, 26 Sup. Ct. 212, 50 L. Ed. 433; Hale v. Henkel, 201 U. S. 67, 26 Sup. Ct. 370, 50 L. Ed. 652. The protection afforded to a witness by section 860 is not coextensive with the fifth amendment to the federal Constitution. Notwithstanding its provision, a witness may properly refuse to answer a question, the

answer to which will incriminate him. In a judicial proceeding prosecuted before a court having the power to rule upon evidence, a witness is under the protection of the court, and in such a case he is not, as a matter of right, entitled to counsel. Nevertheless, even in such a case the court will sometimes temporarily postpone the examination and permit a witness to consult counsel. People v. Priori, 164 N. Y. 164, 465, 58 N. E. 668.

In the cases now in hand, Miss O'Shea is not to be examined before a court which may protect her in her constitutional right to refuse to answer questions that may incriminate her. The proceedings are before a special examiner of one of the executive departments of the government. It was intimated by the District Attorney on his argument that the examination may disclose irregularities or fraud in Phillips' office in relation to the pension claims which are the subjects of the present investigation. If there have been violations of the criminal provisions of the pension laws in that office by Miss O'Shea, the examiner has no power or right to extort a confession from her, even though, as the District Attorney stated on the argument, there is no intention of prosecuting her. The possibility of converting these administrative examinations into very obnoxious inquisitorial proceedings is apparent. Such a possibility was pointed out in the case of United States v. Bell (C. C.) 81 Fed. 830, 851, 853. In the present cases, it seems, as above stated, that the special examiner intends to examine Miss O'Shea without notice to any of the pension claimants, and therefore without opportunity on their part for cross-examination. I do not read the congressional acts as authorizing any such ex parte procedure. They should have notice of the time and place of the examination. Their attorney may represent them at the examination. And if, in the course of the examination, any questions are propounded to Miss O'Shea, the answers to which will tend to incriminate her, she may refuse to answer them. Her refusal, however, must be claimed by her as her personal privilege; it cannot be claimed for her by counsel.

The motion will be denied.