HERMAN L. MUMFORD and NORRIS M. DAVIS, t/a Davis Feeds, Plaintiffs, v. MYRTLE CROFT and RICHARD CROFT, her husband, Defendants.

(*December* 15, 1952.)

HERRMANN, J., sitting.

*Robert W. Tunnell* (of Tunnell and Tunnell) for plaintiffs.

*Jack P. White* for defendants.

Superior Court for Sussex County, No. 277, Civil Action, 1952.

HERRMANN, J.:

The complaint in this case alleges that between January 1, 1950 and August 27, 1952, the defendants converted to their own use money belonging to the plaintiffs in the sum of $7,637.38. By their answer, the defendants make a general denial. Pursuant to Rule 33, the plaintiffs proposed 51 interrogatories to be answered by the defendants under oath. Objections to the interrogatories have been filed on the ground that the answers thereto may tend to incriminate the defendants. They seek to invoke Article I, Section 7 of the Constitution of Delaware which provides: "In all criminal prosecutions, the accused * * * shall not be compelled to give evidence against himself * * *."

The defendant Myrtle Croft is now under arrest and awaiting grand jury action on the charge of embezzling the funds of her employers, the plaintiffs in this case. The defendant Richard Croft, the husband of Myrtle Croft, is not now charged with any crime but it has been indicated that he may be accused as an accomplice. The funds alleged to have been embezzled by Mrs. Croft are the same funds which the plaintiffs seek to recover in this action. The interrogatories may be summarized as a detailed inquiry into the income, disbursements, assets and liabilities of the defendants for the period during which Myrtle Croft is alleged to have embezzled the funds of her employers.

Although objections to interrogatories have been permitted as a means of claiming the privilege against self-incrimination,[1] I am of the opinion that the assertion of the privilege, as a reason for not answering interrogatories in a civil case, is not properly before the Court upon objections filed by the attorney for the party claiming the privilege. The privilege is a personal one to be claimed by the party and not by his attorney. See *Board of Com'rs. of Borough of Vineland v. Maretti*, 93 *N. J. Eq.* 513, 117 *A.* 483, 487; *In re O'Shea, D. C. N. J.*, 166 *F.* 180; *In re Knickerbocker Steamboat Co., D. C. N. Y.*, 136 *F.* 956; *Ziegler v. U. S.*, 9 *Cir.*, 174 *F.* 2d 439. The privilege is an "option of refusal, not a prohibition of inquiry". The plaintiffs are entitled to have the oath of the defendants either in answering the interrogatories or in asserting their privilege not to answer. If either of the defendants were called by the plaintiffs at the trial of this case,[2] he or she would be obliged to take the oath, await the question and then claim the privilege under oath. 8 *Wigmore on Evidence* (3d Ed.) § 2268, pp. 388, 396. The rules of evidence which would govern privileged matters at trial govern such matters when they arise during discovery. 4 *Moore's Fed. Pract.* (2d Ed.) pp. 1084, 1085. I think, therefore,

---

[1] *Bowles v. Trowbridge, D. C. Cal.* 1945, 60 *F. Supp.* 48; *Porter v. Heend, D. C. Ill.* 1947, 6 *F. R. D.* 588.

[2] 43 *Del. Laws, Chapt.* 233 provides for the calling and examination of an adverse party in a civil action as upon cross examination.

that the issue of whether the defendants should be obliged to answer these interrogatories should be presented by a refusal to answer and a claim of privilege under oath, followed by an application by the plaintiffs, under Rule 37(a), for an order compelling an answer. In order to avoid delay, however, I shall assume that the specified steps will be taken to perfect the record.

This case reflects the need for a statement by this Court regarding three fundamental propositions of law:

First, the privilege against self-incrimination, as granted by Article I, Section 7 of the Delaware Constitution, is not dependent upon the nature of the proceedings in which the testimony is sought or is to be used. Reference to "criminal prosecutions" and "the accused", as in our constitutional provision, causes recurrent challenge. See *McCarthy v. Arndstein*,[3] 266 *U. S.* 34, 45 *S. Ct.* 16, 69 *L. Ed.* 158; *Kindt v. Murphy*, 312 *Ky.* 395, 227 *S. W.* 2d 895. Notwithstanding the doubt often raised by such terms, it is settled that the privilege against self-incrimination, as guaranteed by constitutional provisions such as ours, may be asserted in civil cases. Equally well settled is the rule that the privilege may be claimed whether or not the witness stands accused of crime at the time of questioning. *Cf.*, 8 *Wigmore on Evidence* (3d Ed.) § 2252, p. 324; *Counselmen v. Hitchcock*, 142 *U. S.* 547, 12 *S. Ct.* 195, 35 *L. Ed.* 1110; 58 *Am. Jur.* pp. 49, 51, 54. The logic of these conclusions is clear. Practically every crime results in a civil liability. If, in a civil action, a person suspected of the commission of a crime could be compelled to disclose the very facts which would convict him of that crime, obviously the constitutional privilege would be meaningless.

Secondly, it is undeniable that the privilege against self-incrimination extends to questions proposed by interrogatories.

---

[3]The Fifth Amendment to the Federal Constitution, considered in the cited case, applies, of course, in Federal cases only. The protection afforded by the Federal Fifth Amendment and Article I, Section 7 of the Delaware constitution is, however, similar in nature and identical of purpose. 8 *Wigmore on Evidence* (3d Ed.) § 2252, *p.* 320; Compare *Gendron v. Burnham, Me.*, 82 *A.* 2d 773.

Wherever a claim of privilege would be proper at the actual trial of the case, it is proper at the discovery stage. 4 *Moore's Fed. Pract.* (2d Ed.) p. 1085. Moreover, by reference to Rule 26(b), Rule 33 provides that a party, to whom interrogatories have been propounded, may refuse to disclose privileged matters.[4]

Finally, a party cannot avoid answering an interrogatory by merely stating that his answer may tend to incriminate him. The party is not the sole judge of the question. It is for the Court to decide first whether the question is such that any direct answer thereto could reasonably be self-incriminatory. The classic statement of the rule oft quoted and generally adopted, was made by Chief Justice Marshall in *U. S. v. Burr*, 25 *Fed. Cas. No.* 14,692e, p. 38, 40:

> "When a question is propounded, it belongs to the court to consider and to decide whether any direct answer to it can implicate the witness. If this be decided in the negative, then he may answer it without violating the privilege which is secured to him by law. If a direct answer to it may criminate himself, then he must be the sole judge what his answer would be. The court cannot participate with him in this judgment, because they cannot decide on the effect of his answer without knowing what it would be; and a disclosure of that fact to the judges would strip him of the privilege which the law allows, and which he claims. It follows necessarily then, from this statement of things, that if the question be of such a description that an answer to it may or may not criminate the witness, according to the purport of that answer, it must rest with himself, who alone can tell what it would be, to answer the question or not. If, in such a case, he say upon his oath that his answer would criminate himself, the court can demand no other testimony of the fact. * * *"

---

[4] Rule 26(b) provides that a deponent, upon oral deposition, may be examined regarding any matter "not privileged". Rule 33 provides that "Interrogatories may relate to any matters which can be inquired into under Rule 26(b)".

See 8 *Wigmore on Evidence* (3d Ed.) § 2271; *People ex rel. Moll v. Danziger,* 238 *Mich.* 39, 213 *N. W.* 448, 52 *A. L. R.* 136. In determining the initial question of reasonable possibility of self-incrimination the Court should resolve doubt in favor of the privilege and should extend the privilege not only to answers which alone would support a conviction of crime but also to answers "which would furnish a link in the chain of evidence needed to prosecute the claimant". See *Hoffman v. U. S.,* 341 *U. S.* 479, 71 *S. Ct.* 814, 818, 95 *L. Ed.* 1118. *Ex parte Tomassi,* 104 *Vt.* 34, 156 *A.* 533.

In the instant case, it is apparent that the interrogatories were designed to compel the defendants to disclose illegally acquired assets. I have concluded that if the defendants are compelled to answer these interrogatories, their answers could reasonably furnish important links in a chain of evidence sufficient to convict one or both of them of the crime of embezzlement.

Accordingly, the defendants will not be required to answer the proposed interrogatories.