MAURICE LAVINE,
Plaintiff,

*vs.*

GULF COAST LEASEHOLDS, INC., a Delaware corporation, LEASON & Co., INC., an Illinois corporation, CECIL V. HAGEN, ROBERT G. BEHRMAN, JR., WALLACE M. DAVIS, JR., ROY B. KELLY, RICARD R. OHRSTROM, WILLIAM P. SWEARINGEN, HAROLD J. VANCE, W. R. KERR, EMMA S. BARRETT, JOSEPH C. BELDEN, JR., ROCCO J. CULOTTA and CLARA CULOTTA, CURT W. DIEMECKE, and IVADELL B. DIEMECKE, INGHRAM GRAYSON, RALPH G. HINNERS, JR., LATHROP J. HUNT, LUDWIG W. KASUFFL, C. K. MILLER, RAYMOND MOONEY, GRAHAM J. PICARD, SALLY WELLS REINECK, WILLIAM C. SCHUMACHER, RICHARD A. STEEN, and POTOMAC ENTERPRISES, INC., a Delaware corporation,
Defendants.

*New Castle, December 28, 1960.*

*Irving Morris* and *Joseph A. Rosenthal,* of Cohen & Morris, Wilmington, for plaintiff.

*Arthur G. Logan* of Logan, Marvel, Duffy & Boggs, Wilmington, for defendants, Roy B. Kelly and Cecil V. Hagen.

SEITZ, Chancellor: This is a stockholder's derivative action. Two of the individual defendants were served with interrogatories and motions to produce documents. They have moved to stay their

answers and the production of documents on the ground that to do so would tend to incriminate them in a pending Federal Court prosecution against them. Plaintiffs resist the motion on the ground, inter alia, that the Federal constitutional privilege is not available to these defendants.

There is no need to engage in an elaborate analysis of the law. I think the cases of *Knapp v. Schweitzer*, 357 *U.S.* 371, 78 *S.Ct.* 1302, 2 *L.Ed.2d* 1393 *and Mills v. State of Louisiana*, 360 *U.S.* 230, 79 *S.Ct.* 980, 3 *L.Ed.2d* 1193, *make it abundantly clear* that the Federal privilege against self-incrimination as found in the Fifth Amendment is not available in a State Court action. The reasoning behind this conclusion is fully set forth in the opinion of Justice Frankfurter in the Schweitzer case. It is based primarily on the historic distribution of powers between the Federal and State governments. It thus renders irrelevant any issue as to whether the Federal prosecution is in prospect or pending. No question of joint action by Federal and State officials is here involved.

This court is not concerned with any question as to the applicability of the State Constitution, and so the case of *Mumford v. Croft*, 8 *Terry* 464, 93, *A.2d* 506 is not pertinent.

The defendants' motion to stay is denied and an appropriate order may be presented directing the defendants to answer and produce.

Present order on notice.