HUSBAND, Plaintiff, v. WIFE, Defendant.

*(March* 17, 1964.)

STIFTEL, J., sitting.

*John VanBrunt, Jr.*, and *Arthur F. DiSabatino* (of Killoran and VanBrunt) for plaintiff.

*Wilfred J. Smith, Jr.* (of Smith and Gentile) for defendant.

Superior Court for New Castle County, No. 1461, Civil Action, 1962.

STIFTEL, Judge.

This is a divorce case. The ground is adultery. Plaintiff deposed his wife and attempted to learn about an alleged adulterous relationship which resulted in the birth of a child to defendant on March 29, 1962, in Philadelphia. The wife-deponent refused to answer any questions concerning this alleged relationship on the ground that her answers might tend to incriminate her and thus attempted to invoke her privilege under Article 1, § 7 of the Delaware Constitution. Plaintiff moved to compel defendant to answer pursuant to Superior Court Rule 37, *Del. C.*, claiming that defendant can no longer invoke her privilege since the two-year statute of limitations[1] for this crime[2] has run.

The record in this case, aliunde the defendant's virtually unanswered deposition, consists of an affidavit filed by plaintiff's attorney and an affidavit filed by plaintiff. The attorney's affidavit merely states that he has exam-

---

[1]The pertinent Delaware statutes of limitations provide as follows:
"11 *Del.Code* § 2902: No person shall be prosecuted, tried or punished, for any crime or offense not capital, unless the indictment is found or the information is instituted within two years next after such offense is committed.
"11 *Del. Code* § 2903: Nothing in this chapter shall extend to any person fleeing from justice."

[2]Adultery is a crime in Delaware by virtue of 11 *Del. Code* § 311, which provides as follows:
"Adultery is the sexual intercourse of two persons either of whom is married to a third person.
"Whoever commits adultery shall be fined not more than $500 or imprisoned not more than 1 year, or both."

ined the records of the Prothonotary of the Superior Court of New Castle County, the Family Court and Court of Common Pleas of the same county, and the Municipal Court of Wilmington, and finds no criminal proceedings of any nature pending or commenced against defendant. Plaintiff's affidavit recites: That the parties were married on July 8, 1953, and that they voluntarily separated on April 1, 1961, when defendant went to live with her mother, from whose household she moved early in June, 1961. On the latter date, she told plaintiff she was leaving Wilmington, and defendant states she returned to Delaware on April 15, 1962. Plaintiff did not know where defendant resided between December 15, 1961, and April 15, 1962, but he does know she had a child born to her in Philadelphia on March 29, 1962.

Defendant is represented by an attorney who has advised her of her privilege and advised her not to answer the questions.

■ ■ The Court should resolve doubt in favor of the privilege in determining the question of reasonable possibility of self-incrimination. The privilege covers not only answers which would support a conviction of crime but also answers which would furnish a link in the chain of evidence needed to prosecute the defendant. See, *Mumford and Davis v. Croft*, 8 Terry 464, 47 Del. 464, 93 A.2d 506, 509. The record presented is very sparse. Some facts recited in plaintiff's briefs do not appear in the record, and some conclusions reached are not justified from the record: For example, plaintiff assumes that only one act of adultery took place during either June or July, 1961. While this could be true, nevertheless, it is possible that subsequent acts of adultery took place on which the statute has not run, and this alleged act could possibly be used as a link to establish a chain of circumstances on

which a State prosecution could lie for a subsequent act of adultery. Plaintiff establishes the date of the adultery as June or July, 1961, based on the fact that the child was born on March 29, 1962. Although the normal period of gestation is approximately 280 days, there is no evidence that this pregnancy was normal. The length of pregnancy varies considerably. See Schatkin, Disputed Paternity Proceedings, pages 519, 520. Furthermore, plaintiff relates that defendant was absent from this State between December 15, 1961, and April 15, 1962, a period of four months, and suggests that this absence did not toll the statute (11 *Del. C.* § 2903), because defendant did not flee from justice. See, *State v. Fowler*, Del.Super., 194 A. 2d 558. On the record before me, I cannot make this determination. Plaintiff states, however, that even if it is assumed that the four-month absence tolled the two-year statute, nevertheless, more than two years has elapsed, including even a five-month absence, since the alleged adultery. Plaintiff's conclusion assumes, however, that defendant was not absent from Delaware at times after April 15, 1962, when she is alleged to have returned to Wilmington after giving birth in Philadelphia. The record contains no facts which trace her whereabouts after April 15, 1962. It is plaintiff's burden to show that nothing has occurred which might toll the statute. 58 Am.Jur., "Witnesses", § 84. This, plaintiff has failed to do.

Plaintiff also has the burden of showing that no prosecution has been commenced or is pending in this jurisdiction. *United States v. Goodman*, 4 Cir., 289 F.2d 256, 263; 58 Am.Jur., "Witnesses" § 84. Plaintiff's attorney supplies an affidavit indicating that no such prosecution has been commenced or is pending in New Castle County, Delaware, but no search of the records has been made for Kent or Sussex Counties. Even though plaintiff claims

that defendant seeks to invoke the privilege solely to avoid embarrassment and degradation, which she cannot do, see *Knowles v. Knowles*, 2 Houston Del.Rep. 133, there is no support for this conclusion.

█ On the record before me, I cannot conclude that this defendant is not entitled to exercise her privilege under Article 1, § 7 of the Delaware Constitution. It follows, therefore, that defendant need not answer plaintiff's questions on this record.