**Peter E. RATSEP, Administrator of the Estate of Mae Saimre, Deceased, and Jerry J. Saimre, Widower, Plaintiffs,**

**v.**

**MRS. SMITH'S PIE COMPANY, a corporation of the State of Delaware, and Rocco Visconto, Defendants.**

Superior Court of Delaware.

New Castle.

June 24, 1966.

Harold Leshem, Wilmington, for plaintiffs.

David Snellenburg, II, of Killoran & Van Brunt, Wilmington, for defendants.

OPINION

O'HORA, Judge.

■  This is an action to recover damages for wrongful death, as a result of a motor vehicle collision in which defendant Visconto was the driver of one of the vehicles involved. Plaintiffs have attempted to take the deposition of defendant Visconto and have been met with a motion on behalf of said defendant to vacate the notice of said deposition and to grant a protective order on the grounds that his answers to the questions anticipated at deposition might tend to incriminate him in violation of the privilege against self-incrimination, as granted by Article I, Section 7, of the Delaware Constitution, Del. C.Ann. Counsel have agreed that while the privilege against self-incrimination is personal in nature and can only be invoked by an individual himself, the question is, nevertheless, submitted to the Court under the present motion on the theory that the narrow issue involved can be determined by the Court as a general principle thus simplifying procedural problems which might otherwise arise.

As an aftermath of the motor vehicle collision referred to defendant Visconto was criminally charged with manslaughter by motor vehicle, which charge was subsequently terminated by the Attorney General upon the entry of a nolle prosequi. While no criminal proceedings are presently pending against said defendant, applicable statutes of limitations pertaining to potential crimes and offenses, which the collision incident might engender, have not yet run.

After the filing of the civil complaint and prior to the motion for a protective order, the defendant Visconto answered numerous interrogatories directed to him by Plaintiffs. At the time of the defendant's sworn answers to these interrogatories, he did not in any way attempt to assert or raise his constitutional privilege against self-incrimination.

■ It has been clearly established in Delaware that the privilege against self-incrimination is available to a party in civil actions as well as criminal actions and includes the right to assert such privilege during the pretrial discovery stage of such civil actions. Mumford v. Croft, 8 Terry 464, 93 A.2d 506 (Super.Ct.Del.1952).

■ The problem here presented is whether or not the privilege against self-incrimination may be waived and, if so, do the circumstances in this case amount to such a waiver. In Carey v. Bryan & Rollins, 9 Terry 395, 105 A.2d 201 (Super.Ct. Del.1954), it was stated:

"* * * [i]t is well established that when a witness testifies as to a fact or incident without invoking his privilege against self-incrimination, he thereby waives that privilege with respect to the details and particulars of the fact or incident".

While the Carey decision involved direct oral testimony under oath, at an Industrial Accident Board hearing, the legal principle enunciated applies with equal force to sworn statements made in answers to interrogatories. 70 A.L.R.2d 685; 58 Am.Jur., Witnesses, §§ 44–45.

■ An examination of the interrogatories in question and the defendant's sworn answers thereto reveal that the defendant, in so answering, has commented at length as to the collision, how it occurred, his own involvement in it and many other pertinent items of information regarding the collision and his connection with it. The defendant, having thus offered answers to the crucial facts surrounding the incident involved, without asserting his privilege against self-incrimination, must, in the language of the Carey decision, "* * * be deemed to have done so with knowledge that a full disclosure of the particulars thereof would tend to incriminate him. Thus, he must be considered to have waived his privilege * * * ". 72 A.L.R.2d 834; Stalder v. Stone, 412 Ill. 488, 107 N.E.2d 696, 35 A. L.R.2d 653; Johnston Harvester Co. v. Miller, 72 Mich. 265, 40 N.W.2d 429; 51 A.L.R.2d 515.

In view of the conclusions stated herein, defendant's motion for a protective order is denied.