**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**Herbert F. STEIGLER, Defendant.**

Superior Court of Delaware, New Castle.

Dec. 13, 1972.

Wayne N. Elliott, Prickett, Ward, Burt & Sanders, Wilmington, for plaintiff.

William E. Taylor, Jr., Wilmington, for defendant.

## OPINION

O'HARA, Judge.

Herbert F. Steigler, defendant, has moved for a stay of further proceedings in this civil action, pending the outcome of criminal matters involving defendant.* Insurance Company of North America, plaintiff in the instant action, brought suit on March 10, 1971, alleging wrongful conversion by the defendant while serving in the employ of Renyx, Field & Co., Inc., of funds amounting to $28,938.80. Plaintiff contends that as a result of defendant's wrongful conversion and pursuant to its obligation under bond to Renyx, Field & Co., Inc., plaintiff was called upon to reimburse its assured for the full amount of defendant's defalcations, for which amount, plus costs, judgment is sought.

The record indicates that defendant was arrested on December 3, 1968, pursuant to an indictment charging him with first de-gree murder, in three counts, and assault with intent to commit first degree murder in a fourth count. Defendant was tried in this Court, which trial culminated in a verdict of "guilty" on all counts on November 11, 1969. At that trial the amounts plaintiff claims here were introduced into evidence as stipulated "debts" tending to establish a motive for defendant's acts.

Defendant's position is that under the circumstances the granting of his motion to stay all further proceedings is constitutionally required under the United States and Delaware Constitutions. Specifically, defendant asserts that the effect of a denial of the requested stay order is prejudicial in that in the consequent litigation activity defendant will be confronted with the option of either submitting to discovery, which may prove incriminating in the pending criminal matter or possibly give rise to the institution of new proceedings, or, by invoking his right not to testify, be subjected to the risk of a default judgment. It is further argued that for this Court to allow defendant to be placed in this position imposes a forfeiture upon the defendant and constitutes a violation of his constitutional privilege against self-incrimination. U.S.Const. Amend. V; Del.C.Ann. Const. Art. 1, § 7.

Preliminarily, plaintiff's mechanical and formulistic notions concerning the discretionary limits of this Court's power to grant stay orders deserves comment. This Court has no doubt that notwithstanding McWane Cast Iron P. Corp. v. Mc-Dowell-Wellman E. Co., 263 A.2d 281 (Del. Supr.1970), the granting of a stay order would be appropriate under circumstances where the forwarding of the action threatened the constitutional rights of any party. Strict adherence to the identity of parties and issues is certainly a controlling factor where, as in *McWane*, the court in considering the propriety of a stay order was

* The current status of defendant's efforts to seek review of his conviction is clouded but, for the purpose of this decision, it will be assumed that defendant's possibility of obtaining a new trial remains viable.

concerned with the prevention of forum shopping and the advancement of orderly and efficient judicial processes. This Court finds nothing, however, in that case that would suggest that where these particular dangers do not exist, or are not deemed primary, that the Court would insist on the same strict rule at the risk of depriving a party of constitutional rights. Rather, in those cases not contemplated by *McWane*, the pertinent rule of general application is that a court has the inherent power to stay proceedings in control of its docket—after balancing the competing interests. Dellinger v. Mitchell, 143 U.S.App.D.C. 60, 442 F.2d 782 (1971); Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In this regard the Court finds that the words of Justice Cardozo speaking in *Landis* are particularly pertinent:

"Viewing the problem as one of power, and of power only, we find ourselves unable to assent to the suggestion that before [the] proceeding in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical. . . . Apart, however from any concession, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance [citation of authority]."

▮ Notwithstanding the broad discretion afforded this Court in ruling on a motion to stay, in the present circumstances justification is not found for granting such a motion because, in this Court's opinion, the defendant has not met his burden of showing that his constitutional rights will be violated if these proceedings are not stayed. Chadwick v. Gill, 141 A. 618 (Del. Ch.1928). It is clear under Delaware law that a party may claim the privilege against self-incrimination (Federal and State) in both civil and criminal actions, including the right to assert it during pretrial discovery. Mumford v. Croft, 8 Terry 464, 93 A.2d 506 (Del.Super.1952). However, defendant has brought to the attention of the Court no authority which would extend the scope of the privilege so far as to give a defendant the option requested here and, in effect, completely contravene the general duty of a witness to give what testimony one is capable of giving. 8 Wigmore, Evidence, § 2192 (McNaughton rev. 1961).

Defendant relies upon Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed. 2d 562 (1967) and Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967) as support for the proposition that a defendant in a criminal action should be sheltered from the necessity of having to assert the privilege in a related civil case. Both cases are inapposite for there the burdens imposed upon the parties as an adjunct to their invocation of the privilege against self-incrimination were in the nature of forfeitures, intended as penalties, and consciously designed to severely curtail the voluntary exercise of constitutional rights. Here the only consequence flowing from an assertion of the privilege is that the available evidence will be weighed by the trier of fact and a verdict returned based thereon. State v. Amato, 213 A.2d 53 (Del.Ch.1965). Defendant cannot be heard to complain that this involves the deprivation of a constitutional right.

▮ This Court is persuaded by the holdings in DeVita v. Sills, 422 F.2d 1172 (3rd Cir. 1970); United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); United States v. Simmon, 373 F.2d 649 (2nd Cir. 1967), cert. granted Simon v. Wharton, 386 U.S. 1030, 87 S.Ct. 1485, 18 L.Ed.2d 591, vacated as moot 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967), wherein the contention that an actual or potential defendant in a criminal case should not be put to the difficult choice of having to assert the privilege in a related civil case

was rejected. Defendant is not prevented from objecting to depositions or interrogatories directed against him in the civil action which will follow where the answers might incriminate in the pending criminal matter. Paul Harrigan & Sons v. Enterprise Animal Oil Co., 14 F.R.D. 333 (E.D. Pa.1953); National Discount Corp. v. Holzbaugh, 13 F.R.D. 236 (E.D.Mich.1952). In the opinion of this Court this is the extent of defendant's privilege, for any other result would unduly prejudice an innocent party who in good faith pursues a cause of action.

For the reasons herein set forth, the Court concludes that defendant's motion to stay the proceedings should be denied.

It is so ordered.