**Herbert F. STEIGLER, Defendant Below, Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 24, 1973.

William E. Taylor, Jr. and Henry A. Heiman, Wilmington, for defendant below, appellant.

Mason E. Turner, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

PER CURIAM.

This is an appeal from denial by the Superior Court of a stay of further proceedings in this civil action, including all discovery, pending final determination of certain criminal actions brought against the appellant. Protection of his constitutional privilege against self-incrimination is the basis of the appellant's application.

The Opinion of the Court below appears at 300 A.2d 16 (Del.). Reference is made thereto for a statement of the facts and a more detailed statement of the contentions of the appellant. The factual statement may be supplemented by noting that all direct appeals from the judgments of convic-

tion were resolved against the appellant by this Court, 277 A.2d 662, and by the United States Supreme Court, 408 U.S. 939, 92 S. Ct. 2872, 33 L.Ed.2d 760. The only pending proceedings to which the application for stay may be addressed are the re-sentencing and a collateral attack upon the judgments of conviction by federal habeas corpus proceedings.

The situation is governed by rules long established in this State: The privilege against self-incrimination is a personal one to be claimed by the party under oath, and not by his attorney. A party cannot avoid interrogation, *in vacuuo*, by merely stating that his answers may tend to incriminate him. It is for the Court to decide whether the question, after actually being put, is such that any direct answer thereto could reasonably be self-incriminatory. Mumford v. Croft, 8 Terry 464, 93 A.2d 506 (1952).

We find no abuse of discretion.

Affirmed.