**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| HOMELAND INSURANCE | ) | |
| COMPANY OF NEW YORK, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. N11C-01-089-ALR |
| | ) | |
| CORVEL CORPORATION, | ) | |
| Defendant. | ) | |
| | ) | |
| CORVEL CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| HOMELAND INSURANCE | ) | |
| COMPANY OF NEW YORK, | ) | |
| Defendant. | ) | |

Date Submitted:  March 21, 2016
Date Decided:  April 6, 2016

***Upon CorVel Corporation's Motion to Stay Proceedings***
**GRANTED**

Upon consideration of the Motion to Stay filed by CorVel Corporation ("CorVel"); the facts, arguments and legal authorities set forth by both parties; decisional precedent; and the record of this case, the Court finds as follows:

1. CorVel is a Delaware corporation that owns and operates a Preferred Provider Organization ("PPO") network throughout the United States.

1

2.     Beginning in 2005, Homeland Insurance Company of New York ("Homeland") provided insurance coverage to CorVel under a Managed Care Errors & Omissions Policy ("Homeland Policy"). The Homeland Policy provided a ten (10) million dollar maximum coverage per claim exclusive of legal interest.

3.     Beginning in 2007, CorVel was named as a defendant in multiple actions brought by Louisiana-based medical service providers ("Plaintiff Class") in the Louisiana court system ("Louisiana Actions"). Plaintiff Class alleged that CorVel violated Louisiana's PPO statutory notice provision.[1]

4.     On July 23, 2011, CorVel resolved the Louisiana Actions under a collective settlement agreement ("Settlement Agreement"). CorVel demanded that Homeland provide coverage for the Settlement Agreement pursuant to the Homeland Policy. Homeland denied coverage to CorVel.

5.     On January 10, 2011, Homeland brought an action for declaratory judgment against CorVel in the Superior Court of Delaware. One of Homeland's principal arguments in the Superior Court was that liability under the Louisiana PPO statutory notice provision constituted "penalties" that were expressly excluded from coverage under the Homeland Policy. By Opinion and Order dated June 13, 2013, the Superior Court granted partial summary judgment in favor of

---

[1] La. R.S. § 40:2203.1(B); La. R.S. § 22:1269(B)(1).

Homeland.[2] The Superior Court found that liability under the Louisiana statutory notice provision constituted "penalties," as opposed to statutory "damages."[3] The Homeland Policy unambiguously excluded "penalties" from the definition of covered losses.[4] Accordingly, under the Superior Court's analysis, the Homeland Policy did not provide coverage for CorVel's losses pursuant to the Settlement Agreement.[5]

6.    When the Superior Court issued its June 13, 2013 Opinion, a motion for partial summary judgment against a separate party to the Louisiana Actions, Executive Risk, was pending in the Louisiana District Court ("Louisiana Trial Court"). By Opinion and Order dated July 29, 2013, seven weeks after the Superior Court issued its opinion, the Louisiana Trial Court granted partial summary judgment against Executive Risk.[6] The Louisiana Trial Court came to the opposite conclusion as the Superior Court, holding that liability under the Louisiana statutory notice provision constituted statutory "damages," as opposed to "penalties."[7] Accordingly, under the Louisiana Trial Court's analysis, the Homeland Policy would provide coverage for CorVel's losses pursuant to the

---

[2] *Homeland Ins. Co., & Executive Risk Specialty Ins. Co. v. CorVel Corp.*, 2013 WL 3937022 (Del. Super. June 13, 2013). The judge who issued the June 13, 2013 opinion retired shortly thereafter. The case was reassigned to this judicial officer.

[3] *Id.* at *18.

[4] *Id.* at *6.

[5] *Id.* at *21.

[6] *Williams v. SIF Consultants of La.*, 2013 WL 7330225 (La. Dist. Ct. July 29, 2013).

[7] *Id.* at *4.

Settlement Agreement.[8]  The Louisiana Court of Appeals upheld the decision of the Louisiana Trial Court in an opinion issued on February 26, 2014.[9]  Following the Louisiana Court of Appeals' decision, Plaintiff Class filed a renewed motion for summary judgment against Homeland in the Louisiana Trial Court, asserting that the Homeland Policy provided coverage to CorVel when the Plaintiff Class claim was first made in December 2006.[10]

7.     In the meantime, on September 26, 2013, CorVel filed an appeal of the Superior Court's decision, seeking reversal of partial summary judgment in favor of Homeland.  By Decision and Order dated March 6, 2015, the Supreme Court of Delaware found that the Superior Court improperly applied common law principles, rather than Louisiana's civil law approach, in determining whether liability under the Louisiana statutory notice provision constituted "penalties."[11]  The Supreme Court noted that the Louisiana Court of Appeals was the highest state court to interpret the Louisiana statute at issue.[12]  Accordingly, the Supreme Court adopted the Louisiana Court of Appeals' statutory construction as its own.[13]  The Supreme Court reversed the Superior Court's granting of partial summary judgment in favor of Homeland, and remanded the matter back to the Superior

---

[8] *Id.* at *5.
[9] *Williams v. SIF Consultants of La.*, 133 So. 3d 707 (La. Ct. App. 2014).
[10] *Williams v. SIF Consultants of La.*, No. 09-C-5244-C, at 2 (27th Jud. Dist. Ct. La., Jan. 21, 2016).
[11] *CorVel Corp. v. Homeland Ins. Co. of N.Y.*, 112 A.3d 863, 870 (Del. 2015).
[12] *Id.* at 868.
[13] *Id.*

Court for additional proceedings.[14] The Supreme Court held that the Louisiana Court of Appeals' definition of "penalties" under Louisiana statute[15] should apply to the Superior Court's contractual analysis.[16]

8. Upon remand, on November 25, 2015, Homeland filed a renewed motion for summary judgment in this Court. Homeland argued that (1) CorVel is judicially estopped from arguing that Homeland is in breach of the Homeland Policy; and (2) the language of the Homeland Policy did not entitle CorVel to coverage for the Settlement Agreement. CorVel opposed Homeland's motion and filed a cross-motion for summary judgment.

9. In the meantime, on January 21, 2016, the Louisiana Trial Court granted the renewed motion for summary judgment in favor of Plaintiff Class in the Louisiana Actions.[17] The Louisiana Trial Court found that the Settlement Agreement was a covered loss under the plain language of the Homeland Policy.[18] CorVel was awarded the full amount of the Homeland Policy.[19] Homeland has notified this Court that it intends to appeal the ruling of the Louisiana Trial Court to the Louisiana Court of Appeals.[20]

---

[14] *Id.* at 870.
[15] La. R.S. § 40:2203.1.
[16] *CorVel Corp. v. Homeland Ins. Co. of N.Y.*, 112 A.3d at 870.
[17] *Williams v. SIF Consultants of La.,* No. 09-C-5244-C, at 6 (27th Jud. Dist. Ct. La., Jan. 21, 2016).
[18] *Id.*
[19] *Id.*
[20] *See* Homeland's Brief in Response to CorVel's Motion for Summary Judgment at 10, C.A. No. N11C-01-089 ALR (Del. Super.) ("Homeland is in the process of appealing that summary judgment ruling to the Louisiana Court of Appeals.").

10. On March 14, 2016, CorVel filed a motion to stay the proceedings before this Court ("Motion to Stay") pending the outcome of Homeland's Louisiana appeal. Homeland opposes CorVel's Motion to Stay.

11. The Court "has the inherent power to stay proceedings in control of its docket after balancing competing interests."[21] A stay is warranted by "facts and circumstances sufficient to move the discretion of the Court."[22] The Court's discretion should be exercised freely in favor of a stay when there is a prior action involving the same parties and issues that are pending elsewhere in a court that is capable of doing prompt and complete justice.[23] The possibility of inconsistent rulings and judgments is to be avoided.[24]

12. The Court finds that a stay pending the outcome of Homeland's Louisiana appeal is warranted. The Delaware Supreme Court has recognized that "[t]he fact is that the Louisiana Litigation had been in progress for many years prior to filing of the Delaware suit. The center of this litigation has been in Louisiana and the dispute underlying the Delaware declaratory actions arises out of the Louisiana Litigation."[25] The Delaware Supreme Court also concluded that "any further action in this matter should be stayed pending a final, unappealable

---

[21] *Ins. Co. of N.A. v. Steigler*, 300 A.2d 16, 18 (Del. Super. 1972), *aff'd*, 306 A.2d 742 (Del. 1973); *see also Kirpat, Inc. v. Del. Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998) (balancing the interest of both parties with the likelihood of success on appeal and whether the public interest would be served if a stay was granted).
[22] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).
[23] *Id.*
[24] *Id.*
[25] *See CorVel Corp. v. Homeland Ins. Co. of N.Y.*, 112 A.3d at 869.

6

ruling from the Louisiana courts in the [Louisiana] Action."[26] The potential for inconsistent rulings on issues of Louisiana law influenced the Delaware Supreme Court's decision to overturn the Superior Court in an exercise of comity in favor of the Louisiana Court of Appeals. Accordingly, the opinion of the Delaware Supreme Court in an earlier phase of this case militates in favor of granting a stay until Homeland's Louisiana appeal is resolved, particularly where the "center of this litigation" remains in Louisiana.[27]

13.    The Court agrees with CorVel's contention that a stay of Delaware proceedings is appropriate because a decision by this Court will be rendered moot if the Louisiana Court of Appeals affirms the Louisiana Trial Court's decision to grant summary judgment in favor of Plaintiff Class. If the Louisiana Trial Court's decision is upheld, a declaratory judgment ruling in favor of Homeland will lack practical effect. If this Court finds that the Homeland Policy does not provide coverage for the Settlement Agreement, CorVel may nevertheless be entitled to the full amount of the Homeland Policy pursuant to the Louisiana Trial Court's ruling. Delaware courts do not address moot claims in the interest of judicial economy.[28]

---

[26] *CorVel Corp. v. Homeland Ins. Co. of N.Y.*, No. 513, 2013, para. 6 (Del. Apr. 11, 2014) (Order).
[27] *See CorVel Corp. v. Homeland Ins. Co. of N.Y.*, 112 A.3d at 869; *see also McWane*, 263 A.2d at 283.
[28] *See Stroud v. Milliken Enters., Inc.*, 552 A.2d 476, 480 (Del. 1989); *see also AIU Ins. Co. v. Am. Guarentee & Liab. Ins. Co.*, 2013 WL 154263, at *2 (Del. Jan. 15, 2013) ("A proceeding may become moot if the legal issue in dispute is no longer amenable to judicial resolution."); *Am. Littoral Soc'y, Inc. v. Bernie's Conchs, LLC*, 2008 WL 2520634, at *2 (Del. June 24, 2008) ("Mootness forecloses challenges to actions that have been superseded, such that resolution of the challenge would not have any practical effect.").

7

The outcome of Homeland's Louisiana appeal will clarify the practical effectiveness of a decision by this Court.

14. Furthermore, the Court rejects Homeland's contention that the law of the case doctrine bars consideration of CorVel's application to stay proceedings. Specifically, Homeland asserts that the Superior Court previously denied an application by CorVel to stay Delaware proceedings by Opinion and Order dated November 30, 2011.[29] However, the Superior Court issued a decision on the merits which has since been rejected by the Delaware Supreme Court on the grounds that the Delaware courts should defer to the judgment of the Louisiana court with respect to interpretation of Louisiana law. It would be inconsistent with the directive on remand by the Delaware Supreme Court to forge ahead while the very same issues are being litigated in Louisiana.

15. The law of the case doctrine prohibits courts from revisiting previously decided issues, and provides that a "trial court's previous decision in a case will form the law of the case for the issue decided."[30] However, the doctrine is not an absolute restriction.[31] Instead, this Court can reexamine issues that "should be revisited because of changed circumstances."[32] The law of the case

---

[29] *See Homeland Ins. Co. of N.Y. v. CorVel Corp.*, 2011 WL 7122367 (Del. Super. Nov. 30, 2011).

[30] *State v. Wright*, 2016 WL 125297, at *8-9 (Del. Jan 11, 2016).

[31] *Id.* at *8.

[32] *Id.* (internal citations omitted).

doctrine does not bar this Court from reexamining this issue. To the contrary, the Delaware Supreme Court has rejected the Superior Court's analysis.

16. This Court has an interest in deciding matters only where an actual controversy exists, and to resolve matters in the most efficient manner possible. Concerns for judicial economy and consideration of the directive by the Delaware Supreme Court militate in favor of a stay of Delaware proceedings until Homeland's Louisiana appeal is resolved.

**NOW, THEREFORE, this day of 6th day of April, 2016, CorVel's Motion to Stay Proceedings is hereby GRANTED.**

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

9