## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BRIDGET HYLAK, as                )
Power of Attorney for            )
 MARLENE HYLAK,                  )
                                 )
       Plaintiff              )
                                 )
       v.                     )      C.A. No. N17C-04-148 ALR
                                 )
MANOR CARE – PIKE CREEK          )
OF WILMINGTON, DE, LLC, a        )
Delaware limited liability company,  )
                                 )
       Defendant.             )

Submitted: July 31, 2017
Decided: August 15, 2017

## ORDER

***Upon Defendant's Motion to Dismiss or, in the Alternative,
Motion to Stay in Favor of Arbitration***
**DENIED**

This is a negligence cause of action arising from Marlene Hylak's care at Manor Care Pike Creek of Wilmington ("Manor Care"), a rehabilitation center in Wilmington, DE. Upon consideration of the Motion to Dismiss or, in the Alternative, Stay in Favor of Arbitration filed by Manor Care and Plaintiff's opposition thereto; the facts, arguments, and authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional law; and the entire record in this case, the Court hereby find as follows:

## A. Factual Background

On April 8, 2015, Marlene Hylak underwent a left total hip replacement surgery. Marlene Hylak was transferred to Manor Care on April 11, 2015 for rehabilitation. In connection with Marlene Hylak's admission to Manor Care, Bridget Hylak ("Plaintiff"), Marlene Hylak's daughter, signed a Voluntary Arbitration Agreement ("Agreement") on April 14, 2015 which provides that an arbitration panel, not a court, would resolve all disputes arising out of Marlene Hylak's treatment at Manor Care. Even though Marlene Hylak was fully capable of signing legal documents and verbally communicating, Marlene Hylak never signed the Agreement. Plaintiff did not have legal power of attorney over Marlene Hylak at the time Plaintiff signed the Agreement.

On April 19, 2015, eight days after Marlene Hylak was admitted to Manor Care, Marlene Hylak complained of increased hip pain in her left hip when she was transferred to her bed by Manor Care staff. The next day, on April 20, 2015, Marlene Hylak complained the pain was worsening. Allegedly, none of Manor Care's employees notified Marlene Hylak's orthopedic surgeon of Marlene Hylak's pain complaints. On April 21, 2015, Marlene Hylak's orthopedic surgeon noted drainage from the incision in Marlene Hylak's left hip. Thereafter, the drainage from Marlene Hylak's left hip continued; Marlene Hylak was admitted to a hospital with an infected incision at her left hip; and surgery was performed to incise and drain the

2

infection. During surgery, the surgeon discovered a fracture of the femur around the previously placed prosthesis. As a result, Marlene Hylak required the removal of the prosthesis and placement of an antibiotic spacer to treat the infection.

On March 15, 2016, eleven months after Marlene Hylak was initially admitted to Manor Care for rehabilitation, Marlene Hylak executed a Durable General Power of Attorney ("POA") in favor of Plaintiff.

## B. Procedural Posture

On April 13, 2017, Plaintiff, as Power of Attorney for Marlene Hylak, filed a complaint against Manor Care, alleging negligence, gross negligence, recklessness, and/or willful and wanton behavior by Manor Care, which caused severe injuries to Marlene Hylak, including but not limited to the fractured femur around the recently placed prosthesis.

On June 9, 2017, Manor Care filed a motion to dismiss or, in the alternative, requested a stay in favor of arbitration. Manor Care claims that Plaintiff agreed to arbitrate any dispute with Manor Care. Accordingly, Defendant's motion challenges this Court's subject matter jurisdiction pursuant to Super. Ct. Civ. R. 12(b)(1). [1]

On June 30, 2017, Plaintiff filed a response opposing Manor Care's motion on the grounds that Plaintiff had no legal authority to bind Marlene Hylak to

---

[1] Initially, this Court incorrectly notified the parties that the pending motion would be treated as a summary judgment motion because the parties attached documents outside the pleadings.

voluntary arbitration and/or to waive Marlene Hylak's constitutional right to trial. Plaintiff alleges that Manor Care was well aware that Plaintiff did not have authority as Power of Attorney for Marlene Hylak but told Plaintiff to sign the Agreement anyway.

**C. Legal Standard**

On a motion to dismiss under 12(b)(1), the Court must accept any well-pleaded claims as true and draw all reasonable inferences in the non-movant's favor. A motion to dismiss should be denied unless it appears to a "reasonable certainty" that the plaintiff would not be entitled to relief under any set of facts that could be proved to support the claim.[2]

The Court "has the inherent power to stay proceedings in control of its docket after balancing the competing interests."[3] The Court has broad discretionary power to exercise its judgment when balancing competing interests and considering time and effort for the court, counsel and litigants.[4]

This Court does not have equitable authority to compel arbitration, but the Court may decide that it lacks subject matter jurisdiction.[5] Moreover, the Court has

---

[2] *Solomon v. Pathe Commc'n Corp.*, 672 A.2d 35, 38 (Del. 1996) (citing *Rabkin v. Philip A. Hunt Chem. Corp.*, 498 A.2d 1099, 1104 (Del. 1985)).
[3] *Ins. Co. of N. Am. v. Steigler*, 300 A.2d 16, 18 (Del. Super. 1972), *aff'd* 306 A.2d 742 (Del. 1973).
[4] *Id*. (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).
[5] *Elia v. Hertrick Family of Auto. Dealerships, Inc.*, 2014 WL 843839, at *2 (Del. Super. Mar. 4, 2014).

the authority to determine whether an enforceable arbitration agreement exists and whether the scope of the agreement covers the alleged claims.[6] The Court may find there is sufficient evidence to deem the arbitration agreement valid.[7] Delaware courts recognize that arbitration agreements can effectively waive the right to a jury trial,[8] which is otherwise preserved in the Delaware Constitution.[9] While the right to a jury trial is not absolute but subject to effective waiver in arbitration agreements, the Court must decide whether the waiver clause is part of a valid, enforceable contract and is not unconscionable.[10] Delaware courts do not presume that the parties agreed to arbitrate unless there is "clear and unmistakable evidence that they did so."[11] Because arbitration is a contractual matter, a party cannot be required to submit to arbitration absent a contractual duty to do so, and the Court is not permitted to rewrite the agreement to mandate arbitration of subject matter not otherwise covered.[12]

---

[6] *Elia*, 2014 WL 843839, at *2.

[7] *Id.*

[8] *Edelist v. MBNA Am. Bank*, 790 A.2d 1249, 1260 (Del. Super. 2001).

[9] Del. Const. art. I, § 4.

[10] *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 912 (Del. 1989).

[11] *James & Jackson, LLC. v. Willie Gary, LLC.*, 906 A.2d 76, 79 (Del. 2006).

[12] *Tekmen & Co. v. S. Builders, Inc.*, 2005 WL 1249035, at *1 (Del. Super. May 25, 2005) (citing *Pettinaro Constr. Co. v. Harry C. Partridge, Jr. & Sons, Inc.*, 408 A.2d 957, 963 (Del. Ch. 1979)).

**D. Analysis**

Actual authority is that authority which a principal expressly or implicitly grants to an agent.[13] Apparent authority is dependent on manifestations by one party which lead a third person to believe the party is the principal's agent and is not derived from the agent's acts alone.[14] Furthermore, the issue of actual or apparent authority is a question of fact for the jury.[15] Power of attorney is distinguishable from actual or apparent authority.[16] Power of attorney is not verbally expressed, implicitly granted or manifested through actions, rather "a durable power of attorney is a power of attorney by which a principal designates another agent in writing."[17]

Manor Care claims that Plaintiff acted with actual or apparent authority by signing the Agreement. In support of Manor Care's contention that Plaintiff acted with actual or apparent authority, Manor Care relies upon the POA that was executed eleven months after Plaintiff signed the Agreement.

On the other hand, Plaintiff contends that there is no valid agreement to arbitrate. Marlene Hylak never signed the Agreement. Plaintiff asserts that Plaintiff

---

[13] *Billops v. Magness Const. Co.*, 391 A.2d 196, 197 (Del. 1978) (citing *Lind v. Schenley Indus. Inc.*, 278 F.2d 79, 85 (3d Cir. 1960)).
[14] *Finnegan Constr. Co. v. Robino-Ladd Co.*, 354 A.2d 142, 144 (Del. Super. 1976).
[15] *Billops*, 391 A.2d at 198.
[16] *See id.* at 198–99; *see also Singleton v. Int'l Dairy Queen*, 332 A.2d 160 (Del. 1975).
[17] *Billops*, 391 A.2d at 198–99.

did not have any legal authority to bind Marlene Hylak to any agreement that could waive Marlene Hylak's right to a trial by jury. Plaintiff claims that Manor Care was well aware that Plaintiff did not have authority but told Plaintiff to sign all legal documents anyway.

When viewing the evidence and drawing all reasonable inferences in a light most favorable to the Plaintiffs, the non-moving parties, the Agreement cannot be enforced with respect to injuries that allegedly occurred in April 2015. First, Manor Care has not established that Plaintiff had actual authority to sign the Agreement. Second, Manor Care has not established that Plaintiff had apparent authority to sign the Agreement or that Manor Care reasonably relied upon Plaintiff's apparent authority. Third, Plaintiff did not have a valid power of attorney on April 14, 2015 and therefore could not have waived Marlene Hylak's right to trial since "the power of attorney becomes effective only upon the disability or incapacity of the principal [Marlene Hylak]."[18] Moreover, since the Agreement cannot be enforced against Marlene Hylak there is no valid reason to stay this lawsuit.[19]

---

[18] 12 *Del. C.* § 4901.
[19] *See Steigler*, 300 A.2d at 19 (holding that "any other result would unduly prejudice an innocent party who in good faith pursues a cause of action").

**NOW, THEREFORE,** this 15th day of August, 2017, Manor Care's Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby **DENIED,** and the Motion to Stay in Favor of Arbitration is hereby **DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**