# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SARAH FORD and BLAIR YOUNG, )
*guardians ad litem* for J.Y., a minor, and )
SARAH FORD and BLAIR YOUNG, )
Individually, )
                )
                Plaintiffs, )
                )
       v. )
                )
TELAMON CORPORATION, a foreign )
Corporation, and TIMOTHY MCCRARY, )
an individual, )
                )
                Defendants. )

C.A. No. K21C-02-005 NEP

SHAWNTIA MCLEISH, *guardian ad litem* )
for L.F., a minor, and SHAWNTIA )
MCLEISH, individually, )
                )
                Plaintiffs, )
                )
       v. )
                )
TELAMON CORPORATION, a foreign )
Corporation, and TIMOTHY MCCRARY, )
an individual, )
                )
                Defendants. )

C.A. No. K21C-02-010 NEP

## ORDER

Submitted: May 26, 2021
Decided: June 17, 2021

*Upon the Motion of Defendant Timothy McCrary to Stay Civil Proceedings*

**GRANTED in part and DENIED in part**

Before the Court is a Motion to Stay Civil Proceedings (the "Motion") filed by Defendant Timothy McCrary ("McCrary") in the above-captioned matters.[1] McCrary seeks to stay those civil proceedings until the resolution of his related criminal matter. Plaintiffs have filed responses opposing the Motion or, in the alternative, asking for a partial stay. Having considered the written submissions of the parties, the Court finds that the Motion should be **GRANTED in part and DENIED in part** for the reasons that follow:

1. In February 2021, Plaintiffs initiated the instant civil actions.[2] Plaintiffs allege that McCrary caused them personal injuries and damages resulting from criminal conduct of a sexual nature. McCrary has not filed an answer, or a motion pursuant to Superior Court Civil Rule 12(b), in response to either complaint.

2. Prior to the filing of the complaints, McCrary was charged with criminal offenses mirroring the allegations contained in Plaintiffs' civil complaints. McCrary's criminal trial was previously scheduled to commence on June 1, 2021, but it is now scheduled to begin on August 16, 2021.

3. McCrary filed the present Motion asking the Court to stay the civil lawsuits pending resolution of the criminal matter. In support of his Motion, he contends that staying the civil matters would foster judicial economy because it would reduce the number of occasions this Court would need to address scheduling issues and discovery disputes. McCrary also contends that a stay is appropriate because, if he is subject to discovery, he intends to assert his Fifth Amendment right against self-incrimination. He argues that a stay of the civil cases would allow for a more substantive and meaningful discovery process once the criminal matter has resolved.

---

[1] While Defendant Telamon Corporation ("Telamon") has filed no submissions in support of the Motion, Telamon's counsel did indicate that Telamon supported the Motion at a hearing held on April 14, 2021, on Plaintiffs' motion to consolidate.

[2] By order of the Court dated April 14, 2021, the cases were consolidated for purposes of discovery only.

4.  Plaintiffs oppose the Motion, arguing that the Fifth Amendment does not apply to all statements made by McCrary. Furthermore, Plaintiffs assert that they will be prejudiced by a complete stay because memories fade as time goes on, which could result in the loss of evidence. Plaintiffs suggest that a partial stay to permit the civil cases to proceed generally, but that prevents Plaintiffs from taking discovery directly from McCrary until the conclusion of his criminal case, would be a way to alleviate McCrary's concerns of having to subject himself to questions that would require him to raise a Fifth Amendment challenge, and would at least permit the civil cases to move forward by allowing discovery to be taken from Telamon.

5.  Delaware law provides that this Court has the inherent authority to stay proceedings to control its docket—this requires the Court to balance the competing interests and find that the interests weigh in favor of a stay.[3] In addition to considering the cases on its docket, the Court must consider the "economy of time and effort for itself, for counsel, and for litigants."[4] "The Court may grant a stay where forwarding a proceeding would threaten the constitutional rights of any party."[5] However, "[t]he moving party has the burden of showing how that party's constitutional rights will be violated."[6]

6.  In *A. Schulman, Inc. v. Citadel Plastic Holdings, LLC*,[7] the Court of Chancery adopted a test to be used in determining whether a civil case should be stayed pending resolution of a corresponding criminal matter.[8] While not binding on this Court, that test is helpful in analyzing the current Motion. The test calls for

---

[3] *Ins. Co. of N. Am. V. Steigler*, 300 A.2d 16, 18 (Del. Super. Dec. 13, 1972), *aff'd*, 306 A.2d 742 (Del. 1973); *State v. Spicer*, 1999 WL 463548, at *3 (Del. Super. Mar. 31, 1999).

[4] *Steigler*, 300 A.2d at 18 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[5] *Estate of Bennett v. Tice*, 2014 WL 997142, at *1 (Del. Super. Mar. 13, 2014).

[6] *Id.*

[7] 2017 WL 5035497 (Del. Ch. Nov. 2, 2017).

[8] As the *Schulman* court noted, that test had previously been adopted by the federal courts, including the United States Court of Appeals for the Third Circuit. *Id.* at *2 (citing *Texaco, Inc. v. Borda*, 383 F.2d 607, 608 (3d. Cir. 1967)).

3

a court to analyze two overarching considerations: (1) "the status of the criminal case, including whether the defendant[] [has] been indicted," and (2) "the extent to which the issues in the criminal and civil cases overlap."[9]

7. Keeping these overarching factors in mind, the court then considers the following five additional factors:

> (1) the interest of the plaintiff in proceeding expeditiously with [its] case and any potential prejudice it may suffer from any delay; (2) the burden upon the defendants from going forward with any aspects of the proceedings, in particular any prejudice to their rights; (3) the convenience of the court and the efficient management of judicial resources; (4) the interests of any non-parties; and (5) the interest of the public in the pending civil and criminal litigation.[10]

8. In balancing the competing interests, and employing the elements of the *Schulman* test, the Court finds that a partial stay along the lines proposed by Plaintiffs would be appropriate.

9. The first two factors of the *Schulman* test—the status of the criminal case and the extent to which the issues in the criminal and civil cases overlap—argue in favor of at least a partial stay. The criminal case is in an advanced stage, *i.e.*, post-indictment and less than two months short of trial. Moreover, the criminal and civil cases involve the same individuals and arose from the same instances of alleged sexual misconduct. Accordingly, there is at least some danger that the criminal case could be prejudiced by, *e.g.*, "expanding the scope of criminal discovery" and "exposing the basis of the [criminal] defense to the prosecution in advance of trial,"[11] particularly if McCrary were subjected to direct discovery in the civil cases.

10. The other five *Schulman* factors weigh in favor of a partial, but not a complete, stay. First, Plaintiffs have an interest in proceeding expeditiously with their civil cases and may suffer prejudice if evidence becomes stale or unavailable

---

[9] *Id.* (quoting *In re Herley Indus. Inc. Sec. Litig.*, 2007 WL 1120246, at *1 (E.D. Pa. 2007)).

[10] *Id.* (quoting *Herley*, 2007 WL 1120246, at *2).

[11] *Id.* (quoting *Herley*, 2007 WL 1120246, at *1).

4

while the criminal case is pending, particularly if McCrary's criminal trial is continued further or if the criminal case is extended beyond the trial by an appeal or by post-trial motion practice. Second, moving forward with the civil cases would not prejudice McCrary, particularly if no discovery is directed to him. Third, a partial stay will serve judicial economy, as it will allow the parties to begin the discovery process while limiting or pre-empting potential discovery disputes related to McCrary's invocation of his Fifth Amendment right against self-incrimination. Fourth, the Court knows of no non-parties whose interests would be threatened by a partial stay. Fifth, the public has an interest in resolving the civil litigation as expeditiously as possible while protecting McCrary's constitutional rights.

11. Finally, the Court notes that the *Schulman* court itself, in setting forth the above factors, acknowledged that "a total stay of a civil case is an 'extraordinary remedy.'"[12]

**WHEREFORE**, Defendant's Motion to Stay Civil Proceedings is **GRANTED in part** and **DENIED in part**. Plaintiffs may not seek discovery from McCrary until the criminal matter has been resolved. Plaintiffs may seek discovery from Telamon. In addition, McCrary will not be required to file an answer or otherwise respond to the civil complaints until the criminal matter is resolved. However, should the criminal matter remain unresolved as of October 1, 2021, due, *e.g.*, to a further continuance of the criminal trial, post-trial motions, an appeal, or a mistrial, Plaintiffs may seek relief from the partial stay. Finally, the parties are required to file joint status reports regarding the civil cases by no later than October 15, 2021.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

---

[12] *Id.* (quoting *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp. 2d 523, 526 (D.N.J. 1998)).